Simonton, District Judge.
This case comes up on the report of the-special master. The petitioner, a member of the bar of Virginia, of *527 reputation, was the regular counsel of the railroad company in that state, engaged at a salary of $200 per month. He rendered services of great value to the railroad company in nearly every department of professional duty. He also advanced money for its purposes from time to time. He has in his. possession muniments of title and other papers of value. On these he claims a lien for his account proved in these proceedings. The master reports as vouched before him for salary, expenses, and money advanced by the petitioner to the railroad company the sum of $3,296.81. Of this sum, during the 90 days preceding the appointment of a receiver, there is due for salary $600, for expenses $222.30. The order appointing the permanent receiver in this case authorized him, out of the tolls, income, revenue, and issues of the railroad company, in addition to the current expenses and charges, to pay all the wages due to the employes at the date of the order appointing the temporary receiver herein, for labor and services within 90 days before the same. The petitioner was in the employment of the railroad company under a fixed salary. The order of Judge Bond appointing the receiver provided for all employes without qualification, meaning regular employes, employed generally, and not for a particular act. Railroad Co. v. Wilson, 138 U. S. 505, 11 Sup. Ct. Rep. 405. The petitioner comes within this class, and is also within the protection of the order. He should get his pay and necessary expenses for the 90 days preceding the appointment of the temporary receiver out of the income made by the receiver; but in no event can he come upon the proceeds of sale either for the total amount of his bill or for this preferred part •of it. The railroad has never been built in Virginia. It was, at the best, in the course of construction. So, even were there any diversion of income for the benefit of the bondholders, of which there is no evidence,—see Finance Co. v. Railroad Co., 52 Fed. Rep. 524, (decided at this term,)—the equity established in Fosdick v. Schall, 99 U. S. 235, goes only to claims against a railroad as a going concern, and does not exist in favor of those aiding in constructing a railroad,—Wood v. Guarantee Trust Co., 128 U. S. 416, 9 Sup. Ct. Rep. 131,—and if, perchance, the income should fail, this will not of itself give a right to go against the corpus or the proceeds of sale,—Railroad Co. v. Cleveland, 125 U. S. 658, 8 Sup. Ct. Rep. 1011. Let an order be taken conforming to this opinion. The petitioner may, if he desires, take judgment against the railroad company for so much of his claim as is not preferred. His lien for the retention of papers is recognized and allowed as to the whole claim.