## In re EURICH'S FT. HAMILTON BREWERY.

(District Court, E. D. New York. January 11, 1908.)

1. BANKRUPTCY—ATTORNEY'S LIEN—VACATION.

The institution of bankruptcy proceedings will not invalidate an attorney's lien on securities belonging to the bankrupt in possession of the attorney.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 286, 287.]

2. SAME—POSSESSION OF SECURITIES—RIGHTS OF RECEIVER.

Where certain chattel mortgages belonging to a bankrupt corporation were delivered to the corporation's attorney prior to the filing of a bankruptcy petition against the corporation, it was the duty of the attorney to turn over the securities to the bankrupt's receiver, though the attorney was entitled to have his alleged lien thereon determined either in the bankruptcy proceedings or in any court having jurisdiction of the subject-matter in which a lien arose, or in which the claim for services might be determined.

3. SAME—SUMMARY PROCEEDINGS.

Where a bankrupt's receiver asked to have certain chattel mortgages and assignments made to a creditor turned over to him but the creditor had possession and claimed title thereto, the receiver's right could not be determined in summary proceedings on affidavits, though the transfers might have constituted a preferential payment or might be set aside for fraud.

Thomas & Oppenheimer (Leo Oppenheimer, of counsel), for Apfel and Chieffo.

William V. Goldberg (Julius H. Cohen, of counsel), for receiver and petitioning creditors.

CHATFIELD, District Judge. The petitioning creditors and the receiver desire to have turned over to the receiver certain chattel mortgages, some of which are in the possession of one Charles L. Apfel, an attorney who had represented the bankrupt in certain transactions some time prior to the filing of the petition. He claims a lien for services upon these chattel mortgages which came into his hands prior to the filing of the petition. The exact date when Mr. Apfel received these mortgages is not shown; and it is claimed on the part of the receiver that the mortgages were not delivered to this attorney until it was known that the brewery was insolvent, when they were transferred to him for his previous services. It has frequently been held that bankruptcy proceedings will not invalidate an attorney's lien, and generally an attorney may have a choice of the forum in which he will seek to establish and to determine the amount of whatever lien he may have; but the possession of the property pending such determination does not necessarily follow.

Under the present circumstances, it seems to this court that the chattel mortgages and the assignments should be turned over to the receiver, to be held by him subject to whatever lien Mr. Apfel may have as attorney; and, if it seems to the best interest of all concerned to dispose of these chattel mortgages, that the funds realized therefrom should be held by the receiver and by the trustee, when elected, subject to the same lien. The attorney, Mr. Apfel, may pro-

ceed to have the amount of his lien admeasured either in the bankruptcy court or in any other court where jurisdiction of the matter in which the lien arose or of the claim for services may be had, and the receiver and this attorney should confer, with a view to realizing upon the chattel mortgages or selling the same in such a way as to bring the greatest return for all parties concerned.

The receiver has also asked to have turned over to him certain chattel mortgages and assignments made to one Chieffo, a creditor of the alleged bankrupt. The allegations with respect to these transfers indicate that there may have been a preferential payment, and it is possible that circumstances could be shown under which the transfer could be set aside for fraud. But this cannot be determined upon affidavits. There is a clear claim of title, united with possession, and the appropriate action should be brought by the trustee when elected, if he considers that the bankrupt estate is entitled to recover these mortgages.