In re LUBER et al.

(District Court, E. D. Pennsylvania.  November 12, 1919.)

No. 6284

1. BANKRUPTCY ⬅143(11)—RIGHTS OF TRUSTEE IN BANKRUPT'S PROPERTY.

On adjudication of bankruptcy, the title to fire policies issued to the bankrupts, together with any right of action thereon, vests, under Bankruptcy Act, § 70a (Comp. St. § 9654), in the trustee.

2. ATTORNEY AND CLIENT ⬅182(3)—LIEN OF ATTORNEY.

Where an insured, who had suffered a loss, engaged an attorney to collect the proceeds of fire policies, delivering the policies to the attorney, the attorney has a lien on the policies for his compensation.

3. BANKRUPTCY ⬅188(1), 310—ATTORNEY'S LOSS OF LIEN ON SURRENDER OF DOCUMENTS ON BANKRUPTCY.

Prior to bankruptcy, the bankrupts, who had suffered a loss, engaged an attorney to collect the proceeds of fire policies, delivering the policies to the attorney, and the attorney negotiated a settlement before institution of bankruptcy proceedings, but after institution of proceedings delivered the policies to the trustee, filing a claim for compensation as a general creditor. Held that, as the institution of bankruptcy proceedings did not invalidate the attorney's lien, and as he was not entitled to fees under Bankruptcy Act, § 64b (3), being Comp. St. § 9648, he waived any right to a prior lien on the policies and their proceeds, and can claim only as a general creditor.

In Bankruptcy. In the matter of Ethel Luber and Isaac Kruger, individually and trading as the Diamond Skirt Company, bankrupts. On certificate for review of an order denying priority to the claim of an attorney for the bankrupts. Order affirmed.

Abram Peterzell, of Philadelphia, Pa., for claimant.
Julius C. Levi, of Philadelphia, Pa., for trustee.

THOMPSON, District Judge. The petitioner is, and was prior to the bankruptcy proceedings, attorney for the bankrupt. He filed a claim for $313.62, claimed to be due for costs paid and fees for services rendered, prior to bankruptcy, in connection with the adjustment of the claim of the bankrupts against fire insurance companies for loss sustained by the destruction of their stock and fixtures by fire. The petitioner filed a petition for leave to amend his proof of claim as a general creditor to a claim for priority.

The referee disallowed the claim upon the ground that there is nothing in the record to show that the services were not rendered in the interest of the bankrupts before bankruptcy was contemplated. The certificate does not contain any findings of fact by the referee, but from the minutes of the meeting at which the claim was presented and heard, the facts may be stated as follows:

In November, 1918, the bankrupts sustained loss by fire of all their stock and fixtures. Shortly after the fire, the petitioner was retained by the bankrupts to present a claim against the insurance companies to recover the loss sustained. The bankrupts had insured their stock and fixtures in four different companies and they delivered to the petitioner the four policies of insurance. The petitioner thereupon gave notice to the insurance companies that the loss had occurred and filed an inventory of loss and damage sustained amounting to $3,941.40. The petitioner then took up with the Adjustment Bureau the question of having the claim adjusted amicably, and, after numerous conferences, obtained from the General Adjustment Bureau representing all the fire insurance companies an offer of $1,970.70. This offer was accepted by the bankrupts, the General Adjustment Bureau was notified of its acceptance, and the manager of the Bureau confirmed the acceptance of the offer by letter, and sent agreements to be signed by the bankrupts, stating that, after the agreements were signed, they would be attached to the proof of loss and payment made on that basis. The petitioner then submitted the offer to a meeting of creditors of the bankrupts, but was unable to obtain unanimous consent to the settlement necessary in order to distribute the fund pro rata. The petition in involuntary bankruptcy was then filed. The petitioner was in possession of the policies of insurance, which he turned over to the trustee at his request, in order that he might proceed to obtain the fund from the insurance companies. The fund thus obtained by the trustee is the only asset of the estate.

[1-3] It is clear that under the circumstances stated the claim for attorney's fees cannot be allowed under section 64b (3), Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 563 [Comp. St. § 9648]). If allowable, it is only because of a lien upon the policies the petitioner had in his possession and turned over to the trustee in bankruptcy. The fund derived from the settlement did not come into the hands of the petitioner. In McKelvy's and Sterrett's Appeals, 108 Pa. 615, the rule in Pennsylvania was stated as follows:

"As a general rule an attorney has a lien for his services only upon what he has in his possession. If he has papers, he may retain them until paid for his services in regard to the particular case to which they belong. If he has money in his hands which he had collected he may deduct his fees in that particular collection and pay over the balance. Yet according to Dubois' Appeal, 2 Wright [Pa.] 231 [80 Am. Dec. 478], this right is one of defalcation rather than lien. The word 'lien' is sometimes used without due regard to its legal meaning, and we must be careful to avoid the consequences of such misapplication."

Upon the adjudication of bankruptcy, the title to the policies, together with any right of action upon them, vested under section 70a (Comp. St., § 9654) in the trustee. The lien which the petitioner had upon the papers of the bankrupt was a possessory lien, which gave him the right to retain possession until his charges were paid. The institution of bankruptcy proceedings did not in itself invalidate the attorney's lien upon the policies in his possession. In re Eurich's Ft. Hamilton Brewery (D. C.) 158 Fed. 644; Hartman v. Swiger (D. C.) 215 Fed. 986; Rogers v. Winsor, Fed. Cas. No. 12,023; Finance Co.

v. Railway Co. (C. C.) 52 Fed. 526; Yeatman v. Savings Institution, 95 U. S. 764, 24 L. Ed. 589.

While the facts upon the record indicate that the petitioner's services were instrumental in producing the fund which formed the only asset of the bankrupt estate, it is apparent that he did not retain his lien through possession of the papers, but voluntarily turned them over to the trustee without asserting a lien and filed his claim in bankruptcy as a creditor of the bankrupts. If the papers had been surrendered to the trustee under an order of the bankruptcy court, the petitioner would have been entitled to have the order for the delivery, if made, subject to his lien. As he surrendered the policies without adverse proceedings against him and filed his claim as a general creditor, he must be held to have lost his possessory lien, and to be entitled to come in only upon his proof of claim as a general creditor.

The petition is dismissed, and the order disallowing the claim for priority affirmed.