9 F.2d 560 (1925)
In re BADGER.
WINTER GARDEN CO.
v.
GLOBE & RUTGERS FIRE INS. CO.
No. 368.
Circuit Court of Appeals, Second Circuit.
July 27, 1925.
I. Maurice Wormser, Max D. Steuer, and William Klein, all of New York City, for Winter Garden Co.
Milo Otis Bennett, of New York City, for Badger.
Before ROGERS, MANTON, and HAND, Circuit Judges.
MANTON, Circuit Judge.
The plaintiff in the main case is engaged in the production of theatrical shows. It insured the production, "The Passing Show of 1920," against fire with the defendant insurance company. This production was destroyed by fire, and, when the defendant refused or failed to pay the insurance under the terms of the policy, plaintiff determined to sue for the damages sustained through the fire loss. William Otis Badger, Jr., an attorney of the state of New York, was employed by the plaintiff to try to effect a settlement, and to sue, if necessary. His retainer, as agreed upon, was $1,000, which was paid, and a promise of 15 per cent. of any settlement or recovery; this latter was contingent upon success. A settlement was not obtained, and the action was commenced by Mr. Badger as attorney. After issue was joined and the case placed upon the calendar, the attorney and client disagreed as to the conduct of the case and the arrangement for trial counsel. The trial of the case resulted in a verdict for the plaintiff, and the defendant *561 took out a writ of error. Mr. Badger participated in the trial with other counsel, who acted as trial counsel, after which, on December 31, 1924, on an application duly made to the court below, an order of substitution was entered, from which this appeal is taken.
By its terms, the attorney was directed to turn over and deliver to the plaintiff all the papers, files, and documents held by him, having to do with the prosecution, trial, and appeal from the judgment recovered in the action. Conditions were imposed. The plaintiff was required to file with the court a consent in writing, executed by an officer of the corporation, that the matter be forthwith submitted to a special master to hear and determine, and report the reasonable value of the services rendered by the petitioner to the plaintiff. It was required to file a surety company bond in the sum of $15,000 for the faithful payment of any sums found to be due to the attorney. There is a charge made in the affidavits by the plaintiff that there was a want of ordinary professional skill and lack of diligence on the attorney's part in conducting this case. This is denied, and it is vigorously asserted that unusual professional skill was given under the retainer. The merits of this controversy we need not pass upon in the determination we are about to make of this appeal. The terms of the order of substitution were not complied with. Both the plaintiff and the attorney have taken appeals.
The appellant attorney says that the question for us to answer is: "Can an attorney, who has been discharged without cause by the client, require the determination, and payment, of a sum equal to the reasonable value of his services in an equitable procedure, or must he be remitted to an action at law?"
The plaintiff takes the position that the attorney has forfeited his rights to any further compensation for his services because he was discharged for ample cause. It argues that the issue, both as to the matter of fees and the justification for his discharge, be left for a jury's verdict after the attorney sues in an action at law. When these appeals were taken, upon an application for a stay and for a direction to turn over the plaintiff's papers, so that its new attorney could perfect the appeal and resist the efforts to reverse the judgment, we ordered the attorney to turn over the papers, but required the plaintiff to file a bond in a sum sufficient to protect whatever attorney's lien he may have.
Under section 475 of the Judiciary Law of the state of New York (Consol. Laws, c. 30), the attorney has a lien upon his client's cause of action, claim, or counterclaim, which attaches to a verdict, report, decision, judgment, or final order in his client's favor and the proceeds thereof, into whosesoever hands they may come, and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court, upon the petition of the client or attorney, may determine and enforce the lien. The client's absolute right to discharge an attorney with or without cause has long been settled, but the discharge or change of attorneys does not in itself relieve or discharge the client from payment for past services. For his protection, the attorney has two kinds of liens: First, a general lien for the balance of his bill on all papers, securities or moneys belonging to the client and in his possession; second, a charging lien for services rendered in a particular action or proceeding upon his client's cause of action. The first or retaining lien is dependent upon possession, while the second protects when he may not have possession. Matter of Heinscheimer, 214 N. Y. 361, 108 N. E. 636, Ann. Cas. 1916E, 384; Robinson v. Rogers, 237 N. Y. 467, 143 N. E. 647, 33 A. L. R. 1291.
There exists in courts of law the recognized power to compel an attorney to deliver his client's papers upon which he has a lien upon the giving of an undertaking to pay whatever may be found due to the attorney for his services. This rests in the control by the courts over their own officers and their power to compel attorneys to act equitably and fairly toward their clients. Robinson v. Rogers, supra. Where the client has a pressing necessity for the papers, as we found to be in this case, the court will order the papers to be delivered over upon giving of an undertaking or deposit which will cover what may be due on the bill with interest. This we did.
The right to discharge, even arbitrarily, upon payment for services is well settled. The Flush (C. C. A.) 277 F. 25; Martin v. Camp, 219 N. Y. 176, 114 N. E. 46, L. R. A. 1917F, 402; Tenney v. Berger, 93 N. Y. 524, 45 Am. Rep. 263; Johnson v. Ravitch, 113 App. Div. 810, 99 N. Y. S. 1059. In this case, the affidavits set forth the claim of  and it is argued here  that the attorney was disobedient to instructions and that he acted contrary to the interest of his client. While these charges are denied, their truth *562 or falsity should be determined upon testimony given with the opportunity of cross-examination, and the issue should not be decided upon affidavits alone. At such a hearing it can be determined whether or not the attorney has so conducted himself in his professional obligations or employment as to deprive him of any recovery.
The rule is that, where an attorney has been retained on a specific contract and was discharged for a justifiable cause, he may not recover compensation either in an action upon contract or upon a quantum meruit basis. The reason for this rule is that the contract of employment is entire and in order to earn his compensation, the attorney is subject to the same test as every other contract performer; he must show full performance in accordance with his retainer in order to recover the stipulated compensation. Tenney v. Berger, supra; Martin v. Camp, supra.
In the Flush Case, supra, this court, speaking through Judge Rogers, pointed out that, "if the application for substitution is based on the misconduct of an attorney, it has been held that the court may direct an unconditional substitution, and order that he give up the papers without payment of his fees, and leave him to bring action for his fees" (citing Sloo v. Law, Fed. Cas. No. 12,958).
So that both client and the attorney may have a full opportunity to litigate these issues, we shall refer the issues to William Parkin, Esq., to hear and determine. He will determine, first, whether or not the attorney is entitled to any compensation; and, second, if so, how much, having due regard for the contingent character of the employment, the discharge and the reasons therefor, the character of the services rendered and the value thereof. The master will report to the District Court.
Judge HAND concurred in these views, but, owing to his absence, has not examined this opinion. The order is modified accordingly.