**In re ALLIED OWNERS' CORPORATION.**

**DAVISON v. CALLAGHAN et al.**

**No. 470.**

Circuit Court of Appeals, Second Circuit.

July 9, 1934.

Alfred T. Davison, of New York City (H. C. McCollom, Orrin G. Judd, and Alfred T. Davison, all of New York City, of counsel), for appellant.

Goldwater & Flynn, of New York City (Monroe Goldwater and Oliver T. Cowan, both of New York City, of counsel), for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellant, as attorney for the bankrupt, rendered legal services for which he claimed a lien against the bankrupt's papers, books, records, and documents then in his possession. With his consent, an order was entered which provided that the appellant turn over to the trustees papers, documents, and files concerning certain actions on behalf of the bankrupt pending in the District Court, "the same to be turned over without prejudice to the rights, claims and liens thereof" of the appellant. This order referred the matter to a master to hear and report as to whether or not the appellant had a lien and the amount thereof. The master's report fixed the amount of the lien.

On motion to confirm, the District Court (a) denied the appellant's application to direct payment of his expert witness' fee as taxable costs against the trustee in bankruptcy; and (b) "referred the matter to the referee in bankruptcy to hear and report, with his opinion, the value to the estate of the bankrupt of the books, records, documents etc. upon which Mr. Davison has a lien," and deferred further consideration of the relief sought by the motion until the incoming of the report of the referee in bankruptcy.

Appellant, aggrieved by the disallowance of the expert's fee and the failure to direct payment to him in the full amount fixed by the master, $10,131.87, appeals, although, as to the latter item, the order is interlocutory only, for the referee in bankruptcy is directed to report the value to the estate of the bankrupt of the books, records, documents, etc., against which the appellant asserted his retaining lien.

The disallowance of the expert's fee to be taxed as costs was proper. Cheatham Electric Switching Device Co. v. Transit Development Co., 261 F. 792 (C. C. A. 2); In re Manufacturers' Wholesale Furniture Co. (D. C.) 250 F. 116.

Appellee does not dispute the amount of the lien as found by the special master. But the court below, recognizing appellant had a retaining lien which was not invalidated by bankruptcy [citing In re Baxter & Co. (C. C. A.) 154 F. 22; In re Pyrocolor Corp. (D. C.) 46 F.(2d) 554; In re Luber (D. C.) 261 F. 221; In re Funk (D. C.) 2 F. Supp. 555], referred the matter to the referee to determine the amount thereof to be ascer-

tained and paid, by determining the value of the papers against which the lien extended, saying: "The sole question for determination is whether or not the books, records, documents, etc. upon which Mr. Davison has a lien have any value to the estate in bankruptcy." These papers were surrendered to the appellee by virtue of the consent order above referred to which were turned over "without prejudice to the rights, claim and lien thereon" to the appellant. Had appellant insisted on the full measure of his rights, he need not have surrendered the papers until he was amply protected by bond or surety to the full amount of his lien. In re Badger, 9 F.(2d) 560, 561 (C. C. A. 2); Matter of Makames, 238 App. Div. 534, 265 N. Y. S. 515; Matter of Sebring, 238 App. Div. 281, 264 N. Y. S. 379. He could insist upon and, in fact he did receive, the court's protection to the same extent by consenting that an order be entered turning over the papers without prejudice, which means that, when the amount thereof was ascertained, it would be paid without further consideration. Since the amount is not now in question, the value of the papers to the estate would seem to be of no importance and is immaterial. When appellant released and surrendered the papers under these conditions and considerations, he rightfully could do so, accepting the protection contained in the terms of the consent order.

We defined an attorney's retaining lien in Underhill v. Jacob Doll & Sons, 69 F.(2d) 519, 521. It was there stated: "The general lien for the balance of an entire amount extending to papers and documents of a client * * * depended wholly upon possession and gave the right to retain such papers until the bill was paid, where attorneys came into possession of the proceeds of the judgment lawfully in the course of professional employment. * * *"

In The Flush, 277 F. 25, 31 (C. C. A. 2) it was said that "The leverage which the possession of the papers affords depends upon how embarrassing to the client the possession of them by the attorney is. If the client is given the right to inspect the papers or to compel their production while the lien continues, it certainly impairs the value of the lien, as it diminishes the embarrassment caused by the attorney's retention of them, and might make them valueless to the attorney, and the lien nugatory."

But the order below must be affirmed, for we are unable to direct the lower court to order payment of this lien, for the order appealed from respecting the lien is interlocutory. We rule that part of the order disallowing the expert witness' fees as costs be affirmed.

Complaint is made of the failure to charge the cost of stenographic minutes to the appellees. This also seems to have been held for further consideration by the court below, for no order is made in reference thereto. The matter of interest on the amount of the lien also complained of has likewise been reserved by the court below until the further consideration of the motion to confirm upon the incoming of the referee's report.

Order affirmed.

SWAN, Circuit Judge.

As to so much of the order as is interlocutory, the appeal should be dismissed. I concur as to affirmance of so much of the order as disallowed the expert's fee as costs.