ALBERT PIPE SUPPLY Co., INC., Plaintiff, *v.* JOSEPH B. CALLANAN and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District,
October 31, 1935.

*Joseph Dannenberg* [*Julius M. Arnstein* of counsel], for the plaintiff.

*John J. Bennett, Jr., Attorney-General* [*Isaac Frank* of counsel], for the defendant Industrial Commissioner of the State of New York.

*Murray T. Feiden,* for the defendant Joseph B. Callanan.

BISSELL, J.   The material facts in this case are undisputed.   On or about July 7, 1933, Cauldwell-Wingate Construction Corporation, a corporation which had a contract for the construction of the Department of Health and Sanitation Building in the city of New York, entered into an agreement with the Interstate Scaffolding and Shoring Corporation to erect a steel sidewalk bridge around said building for $4,500, all of which sum the Cauldwell-Wingate Construction Corporation claimed was paid, except $636.20.   On or prior to March 12, 1934, Interstate Scaffolding and Shoring Corporation assigned said contract to the plaintiff.   Not having been paid the balance still due, the plaintiff thereafter instituted this

action against Cauldwell-Wingate Construction Corporation for $702.50.

The Cauldwell-Wingate Construction Corporation admitted that the sum of $636.20 was due and unpaid on the said contract and asked leave to pay said sum into court and to interplead the present defendants, each of whom had served Cauldwell-Wingate Construction Corporation with a third-party order. Cauldwell-Wingate Construction Corporation deposited $636.20 in court and said parties were brought in as defendants, and the action was discontinued as against Cauldwell-Wingate Construction Corporation.

The question before the court is, therefore, which of the three parties hereto is entitled to the sum of $636.20 now on deposit with the clerk of the court.

Plaintiff contends that at the time of the service of the third party orders on Cauldwell-Wingate Construction Corporation a valid assignment of the contract between Cauldwell-Wingate Construction Corporation and Interstate Scaffolding and Shoring Corporation had already been made to the plaintiff and that, therefore, there was then no money in the hands of Cauldwell-Wingate Construction Corporation which was the property of Interstate Scaffolding and Shoring Corporation.

Defendant Industrial Commissioner bases his claim to the deposit of $636.20 upon the following facts: On or about April 14, 1933, one Christ Olsen received injuries while in the employ of Interstate Scaffolding and Shoring Corporation and was thereafter on or about July 28, 1933, awarded the sum of $335 by the Industrial Board of the State of New York as compensation under the Workmen's Compensation Law. On August 28, 1933, judgment was entered in the Supreme Court, New York county, on said award against Interstate Scaffolding Corporation in favor of the Industrial Commissioner of the State of New York for $335. On or about October 4, 1933, the previous award was increased to $836 and thereafter on or about November 10, 1933, said judgment was modified to the sum of $836, no part of which has been paid. Defendant Industrial Commissioner contends that pursuant to section 34 of the Workmen's Compensation Law, this judgment immediately became a lien upon all the property of the Interstate Scaffolding and Shoring Corporation and that the assignment of the contract between Cauldwell-Wingate Construction Corporation and Interstate Scaffolding and Shoring Corporation to the plaintiff was subject to this lien.

Defendant Joseph B. Callanan asserts a claim to $221 of the said deposit of $636.20 because of a judgment which he secured against the Interstate Scaffolding and Shoring Corporation in the Munici-

pal Court of the City of New York, Borough of Brooklyn, Fourth District, on March 15, 1934, for $221. As this judgment was secured subsequent to the date of the assignment to the plaintiff of the contract between Cauldwell-Wingate Construction Corporation and Interstate Scaffolding and Shoring Corporation, the defendant Joseph B. Callanan cannot prevail in this action.

Section 34 of the Workmen's Compensation Law provides as follows: " Compensation shall be a lien against the assets of the carrier or employer without limit of amount subordinate, however, to claims for unpaid wages and prior recorded liens."

There have been no decisions wherein the court has passed upon the validity of the foregoing section of the statute. The case of *Matter of Southern Surety Co.* (266 N. Y. 589) does not sustain the constitutionality of this law as contended by the defendant Industrial Commissioner.

The Legislature sought to create a lien effective immediately upon the granting of a compensation award. It failed, however, to provide whether the lien was to be filed or to set forth any procedure for filing, recording or docketing the lien in a public office.

A statutory lien to be valid and effective against property must be made a matter of public record by filing, recording or docketing the lien in a public office.

The declaration by the Legislature that a lien exists without providing for the proper filing, recording and docketing of the lien in a designated public office fails to create a lien effective against the rights of a third party.

Defendant Industrial Commissioner's motion is denied and plaintiff's cross-motion is granted. Enter orders on notice.