## HALPERT v. INDUSTRIAL COMMISSION-ER OF STATE OF NEW YORK.

### No. 209.

Circuit Court of Appeals, Second Circuit.

Feb. 5, 1945.

Louis P. Rosenberg, of Brooklyn, N.Y. (Emanuel Friedman, of New York City, on the brief), for appellant.

Roy Wiedersum, Asst. Atty. Gen., of New York (Nathaniel L. Goldstein, Atty. Gen., Orrin G. Judd, Sol. Gen., of Albany, N. Y., and Nathan Ginsberg, Asst. Atty. Gen., on the brief), for appellee.

Before HUTCHESON, SIMONS, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The issue in this case concerns the validity of a claimed state statutory lien upon assets of the bankrupt, Strikalite Ltd., Inc., in favor of the Industrial Commissioner of the State of New York to secure the award of compensation to an employee of the bankrupt. Raymond A. Gilmartin, the employee, was injured on November 3, 1941, and thereafter was granted an award of $3,805.67 against the bankrupt pursuant to § 14-a of the New York Workmen's Compensation Law, Consol.Laws, c. 67, the award being duly filed with the State Department of Labor on January 20, 1943. On February 23, 1943, pursuant to § 26 of the Workmen's Compensation Law, the Industrial Commissioner obtained a judgment in the Supreme Court of Queens County against the employer. But the latter had filed a petition for an arrangement in the District Court on February 18, 1943, and it was adjudicated a bankrupt on February 25, 1943. Consequently the Industrial Commissioner on March 8, 1943, duly filed a verified claim asserting a statutory lien for the amount of the award upon the assets of the bankrupt. There were no prior recorded liens, and the assets in the hands of the trustee were sufficient to cover administration expenses and wages in addition to the lien claimed by the Commissioner. The referee directed that any surplus after the payment of wages, administration expenses, and any prior recorded liens be applied to the satisfaction of the Commissioner's lien; his order was affirmed on the trustee's petition for review, and the trustee now appeals.

■ The sole question before us is whether or not § 34 of the Workmen's Compensation Law creates a lien. That section, entitled "Preferences," provides that the awarded "compensation shall be a lien against the assets of the carrier or employer without limit of amount subordinate, however, to claims for unpaid wages and prior recorded liens." As passed originally in 1913, Laws 1913, Ex.Sess., c. 816, it provided for "the same preference or lien" as that allowed wage claims; it was amended to its present form in 1932. The trustee nevertheless contends that the use of the word "lien" in the section is inadvertent, and that merely a state priority is created, which, since the amendment in 1938, is no longer recognized by the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. Strom v. Peikes, 2 Cir., 123 F.2d 1003, 138 A.L.R. 937; 51 Yale L. J. 863. He argues that a lien must be perfected by making it a matter of public record through filing, recording, or docketing, and that there are no such requirements in the present instance. This precise argument was rejected, however, by the Appellate Term in a decision declaring that § 34 creates a valid statutory lien on a specific deposit claimed by an assignee. Albert Pipe Supply Co. v. Callanan, 159 Misc. 547, 288 N.Y. S. 307, reversing 157 Misc. 136, 283 N.Y. S. 716. True, the trustee cites the recent case of United States v. Waddill, Holland & Flinn, Inc., 323 U.S. ——, 65 S.Ct. 304, as holding that state decisions are not controlling in cases such as this; but that case decided only that state decisions cannot defeat the priority given claims of the United States by act of Congress, cf. United States v. State of Texas, 314 U.S. 480, 62 S.Ct. 350, 86 L.Ed. 356, and hence has no particular pertinence here.

■ We should use the state decisions to define the interest created by state law, and then it becomes a question under the Bankruptcy Act whether fairly considered the interest thus defined is a lien or merely a preferred claim. Strom v. Peikes, supra; 4 Moore's Collier on Bankruptcy, 14th Ed., 1942, 111, 171, 172. Here the trustee's contention must fail, in any event, since § 34 of the Workmen's Compensation Law, when read with § 20, provides for the filing of an award with the State Department of Labor, thereby prescribing a procedure substantially identical with that contained in statutes requiring the perfection of a lien. This award was filed with the Department of Labor both before bankruptcy and within the period provided by state law. Consequently it comes within the terms, as it seems well within the policy, of § 67, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. b, to constitute a valid statutory lien, enforceable against the trustee.

Affirmed.