■     PIONEER BUILDING-LOAN AND SAVINGS ASSOCIATION OF TROY, Plaintiff, v. JOHN FRANZONI et al., Defendants. JAMES F. JOHNSON, Appellant, and TROY ALL STATE HEATING et al., Respondents.— Appeal from an order of the Supreme Court, Rensselaer County, determining the priorities to surplus money resulting from the sale of property in a mortgage foreclosure. On September 30, 1954 a workmen's compensation award was made against the mortgagor as an uninsured employer but judgment was not entered thereon until March 25, 1955. The appellant Johnson holds two mortgages on the property which were recorded after the date of the award but before judgment was entered thereon. The Referee to whom the claims for surplus money were referred ruled that the compensation award was not entitled to priority over the mortgages because of certain procedural irregularities in the compensation proceeding. The court below did not confirm the Referee's report but rather held that the determination of the Workmen's Compensation Board could not be attacked collaterally in the proceeding. It then went on to hold

that under section 34 of the Workmen's Compensation Law the award took priority over the mortgages which were recorded after the award was made but before the judgment was entered. The court below correctly determined that the Referee could not collaterally attack the Workmen's Compensation Board decision for procedural irregularities occurring therein. On the question of priority section 34 provides that: "Compensation shall be a lien against the assets of the carrier or employer without limit of amount subordinate, however, to claims for unpaid wages and prior recorded liens." There can be no question that such a statutory provision can create a lien without any requirement of filing but the issue presented here is whether such a lien can take preference over after recorded liens. The respondent relies on *Albert Pipe Supply Co.* v. *Callahan* (159 Misc. 547 [App. Term, 1st Dept.]) and *Halpert* v. *Industrial Comr.* (147 F. 2d 375) which indicate that section 34 creates a valid lien but neither case involves the question of its priority with a subsequent lien which had been properly recorded. The court below recognized that to give it such a priority would be harsh upon those passing title. Further, the language of Justice BERGAN in *Matter of Oxford Distr.* v. *Famous Robert's* (5 A D 2d 507, 508) indicates that such a result might be a deprivation of property without due process: "It is, of course, possible by the act of public authority to create liens which will exist without physical attachment to the property affected and without filing notices in the available public offices where they may be searched out by interested parties; but they could not wipe out the property rights in existing liens or other third-party rights acquired in good faith; and probably could not, with regard to due process, take priority over the subsequently created liens of judgment creditors and other lienees acting in good faith without notice." Such objections to section 34 may be obviated by reading it in conjunction with the provisions of section 26 of the Workmen's Compensation Law. Under section 26 a procedure is established whereby a decision of the Workmen's Compensation Board awarding compensation may be filed with the County Clerk and judgment entered thereon. Thus when read in this light section 34 may be reasonably interpreted to create a lien but a lien which does not take priority over after recorded liens until a judgment has been entered thereon. The award of compensation here would therefore not take preference over mortgages which were recorded before a judgment was entered on the award. Judgment modified, on the law and the facts, so as to give priority to the liens of appellant Johnson and as so modified affirmed, with costs to appellant.