MORRIS BRAUER, PLAINTIFF, v. HOTEL ASSOCIATES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

JOHN C. GIORDANO, JR., RECEIVER OF HOTEL ASSOCIATES, INC., APPELLANT, AND SHANLEY & FISHER, ATTORNEYS, CLAIMANTS-RESPONDENTS.

Argued March 18, 1963—Decided July 8, 1963.

416

Mr. *Harold Krieger* argued the cause for appellant (*Messrs. Krieger and Chodash*, attorneys).

Mr. *J. William Barba* argued the cause for claimants-respondents (*Messrs. Shanley & Fisher*, attorneys, Mr. *John Kandravy*, on the brief).

The opinion of the court was delivered by

HANEMAN, J. On November 23, 1960 Hotel Associates, Inc. (the corporation) was adjudged insolvent and a statutory receiver was appointed for it. *R. S.* 14:14–1, *et seq.* The New Jersey law firm of Shanley and Fisher (Shanley & Fisher) filed a proof of claim with the receiver in the sum of $7,494.61 representing disbursements and professional services rendered in behalf of the corporation prior to insolvency, from January 1960 to October 1960. Shanley & Fisher also asserted an attorneys' retaining lien upon all the documents and books of the corporation in its possession, for the full amount of its bill.

The receiver filed a petition with the Chancery Division requesting an order that Shanley & Fisher be required to show cause why it should not "turn over all books and records pertaining to the operation of the * * * corporation to your petitioner, same being necessary and required by your petitioner in examination of claims, accounts, and processing of any claims for and against the said corporation." The order to show cause was issued, and, after a hearing, the Chancery Division entered an order directing Shanley & Fisher to "relinquish possession of all of the books and records of Hotel Associates, Inc. as the same pertain to the affairs of that corporation and that said books and records

be surrendered and turned over to \* \* \* [the receiver]."
The court orally held in abeyance for later consideration the
determination of the question of Shanley & Fisher's alleged
lien and its possible entitlement to a priority in payment over
general creditors. After the requested documents were sur-
rendered to the receiver, through J. William Barba, Esq.,
the registered agent of the corporation and a member of
Shanley & Fisher, a further hearing was held in the Chancery
Division. At that hearing, the receiver argued that Shanley
& Fisher did not have an attorneys' retaining lien on the
books and records of the corporation (for reasons stated and
discussed below), so that its undisputed charge of $7,494.61
was a general claim against the corporation, entitled to no
priority of payment. The Chancery Division rejected this
argument and entered an order that a retaining lien did
exist and that Shanley & Fisher was entitled to a right of
priority for the full amount of its claim, as an administration
expense. See *N. J. S. A.* 14:14–22. The receiver appealed
this order to the Appellate Division. We granted certifica-
tion upon our own motion prior to argument before that
tribunal. *R. R.* 1:10–1(a).

The basic questions are whether Shanley & Fisher has a
retaining lien, since Barba, a member of that firm, was the
registered agent of the corporation, and if the answer to this
query is in the affirmative, whether such a lien survives the
appointment of a receiver.

The common law retaining lien attaches to all
papers, books, documents, securities, moneys, and property
of the client which come into the possession of the attorney
in the course of, and with reference to, his professional
employment. It is a general lien which gives an attorney
the right to retain possession of his client's property until
the entire balance due him for legal services, as well as for
costs and disbursements, is paid. *Norrell v. Chasan,* 125
*N. J. Eq.* 230, 234 (*E. & A.* 1939); *Visconti v. M. E. M.
Machinery Corp.,* 7 *N. J. Super.* 271 (*App. Div.* 1950),
certif. denied 5 *N. J.* 347 (1950); Annotation 3 *A. L. R. 2d*
148 (1949); 7 *Am. Jur. 2d Attorneys At Law* §§ 273, 276

(1963). It is termed a "passive" lien since it cannot be actively enforced through legal proceedings, and rests wholly upon the right to retain possession until the bill is paid. *The Flush*, 277 *F.* 25 (2 *Cir.* 1921), *cert.* denied 257 *U. S.* 657, 42 *S. Ct.* 184, 66 *L. Ed.* 421 (1922); *In re Wilson*, 12 *F.* 235 (*S. D. N. Y.* 1882); *In re Heinsheimer*, 214 *N. Y.* 361, 108 *N. E.* 636 (*Ct. App.* 1915); Annotation, *supra*, 3 *A. L. R.* 2d 148; 7 *Am. Jur.* 2d, *supra*, § 280. The retaining lien is distinguishable from the common-law special or charging lien which an attorney may have for services rendered in a particular cause of action and which attaches to the judgment in the cause for which the services were rendered. *Visconti v. M. E. M. Machinery Corp., supra.* The charging lien may be actively enforced and does not rest upon possession. *Republic Factors, Inc. v. Carteret Work Uniforms*, 24 *N. J.* 525, 534 (1957); 7 *Am. Jur.* 2d, *supra*, § 281. Its scope was enlarged by *N. J. S.* 2A:13–5. *H. & H. Ranch Homes, Inc. v. Smith*, 54 *N. J. Super.* 347 (*App. Div.* 1959). It is, however, only the common-law general or retaining lien with which we are herein concerned.

 The attorney's retaining lien can only attach to property that comes into the possession of the attorney in the course of, and with respect to, his professional employment. It cannot arise if possession of the property is maintained for a special purpose inconsistent with his claim to a lien. *Ideal Tile Corp. v. N. T. Investment Co.*, 111 *N. J. Eq.* 241 (*Ch.* 1932); Annotation, 2 *A. L. R.* 1488 (1919); Annotation, 1917D *Ann. Cas.* 147, 150–151; 7 *Am. Jur.* 2d, *supra*, § 275. Thus, counsel for the receiver argues that the books and records were not in the possession of Shanley & Fisher in the course of, and with respect to, its performance of professional services for the corporation, but pursuant to Barba's statutory capacity of registered agent. *R. S.* 14:5–1. However, Shanley & Fisher's undisputed affidavit in support of its charges indicates that it rendered services in the formation of the corporation and attended the meetings of its stockholders and directors in the capacity of counsel for the corporation. The receiver admits that at least a portion of Shanley & Fisher's

services was related to matters unconnected with the stock and stock transfer books required by *R. S.* 14:5-1 to be kept by the registered agent at the principal office of the corporation. The receiver demanded- and received corporate records other than the aforementioned stock and stock transfer books. As to these other records it is clear that they were received solely with respect to and in the course of professional services and not as statutory agent. Even though the lien may not properly be asserted against those records which were kept by Barba in his statutory capacity as registered agent of the corporation, Shanley & Fisher received the other corporate records in its professional capacity and may therefore assert its retaining lien against them. It is not essential that all of its services be devoted to the property upon which the firm asserts a lien. It is only necessary that what it possesses has been obtained by virtue of its professional employment. The fact that another business relationship with the corporation existed does not impede Shanley & Fisher's right to this lien. 7 *Am. Jur. 2d, supra,* § 273. Shanley & Fisher's possession is therefore not inconsistent with its right to a retaining lien.

 It is further contended that the insolvency of the corporation and the appointment of a receiver should dissolve any retaining lien which Shanley & Fisher may have acquired. It has been held that if the services to the insolvent corporation were rendered subsequent to the appointment of a receiver (*Visconti v. M. E. M. Machinery Corp., supra*), or possession of the property was acquired at that time (*Underhill v. Jacob Doll & Sons,* 69 *F. 2d* 519 (2 *Cir.* 1934)), the receiver's interest in the corporation and its property would be paramount to the attorney's right to a lien. However, it has been firmly established that a trustee in bankruptcy takes only such title as the bankrupt has, subject to all liens and equities existing upon or against the property, including an attorney's retaining lien for services rendered *prior* to the bankruptcy proceedings. *In re San Juan Gold, Inc.,* 96 *F. 2d* 60 (2 *Cir.* 1938); *In re Allied Owners' Corporation,* 72 *F. 2d* 255 (2 *Cir.* 1934); *In re Stronge & Warner Millinery Co.,* 33 *F. 2d*

1001 (*D. Minn.* 1929); *In re Luber,* 261 *F.* 221 (*E. D. Pa.* 1919); *Hartman v. Swiger,* 215 *F.* 986 (*N. D. W. Va.* 1914); *In re Eurich's Ft. Hamilton Brewery,* 158 *F.* 644 (*E. D. N. Y.* 1908); *In re Wilson,* 12 *F., supra,* at *p.* 237. *Cf. DeMarco v. Sands,* 128 *N. J. Eq.* 464 (*Ch.* 1941). This rule is equally applicable to situations identical with the present case, where an insolvency receiver has been appointed for a corporate debtor. *Visconti v. M. E. M. Machinery Corp.,* 7 *N. J. Super., supra,* at *p.* 275; *In re Montgomery & Hart,* 21 *N. J. L. J.* 81 (*Ch.* 1898) (*dictum*); *Finance Co. v. Charleston, C. & C. R. Co.,* 52 *F.* 526 (*C. C. S. C.* 1892); *Ward v. Craig,* 87 *N. Y.* 550, 18 *Ct. App. Rep.* 363 (*Ct. App.* 1882); *Bowling Green Savings Bank of the City of New York v. Todd,* 52 *N. Y.* 489, 11 *Ct. App. Rep.* 339 (*Ct. App.* 1873); *People v. Community Live Poultry Corporation,* 127 *Misc.* 396, 216 *N. Y. S.* 302 (*Sup. Ct.* 1926). See also 7 *Am. Jur., Attorneys At Law, supra,* § 278. Consequently, the attorneys' retaining lien is as effective against the statutory receiver herein as it was against the corporation prior to the receiver's appointment.

The receiver additionally attacks Shanley & Fisher's right to a lien upon the ground that the corporate documents were of no intrinsic value. The cases cited above do not distinguish between the intrinsic worth or worthlessness of the property upon which the attorney asserts his lien, even when receivership proceedings are involved. The receiver's argument would lead to the conclusion that the attorney's fees and disbursements only need to be satisfied up to the value of the property retained. But to so hold would dilute the general quality of the lien, *viz.,* the retention of the client's property until *all* the fees and disbursements of the attorney are satisfied. It is not the value of the property itself which measures the effectiveness of the lien. Rather, the effectiveness of the lien is proportionate to the inconvenience of the client in being denied access to his property. *In re San Juan Gold, Inc., supra; The Flush,* 277 *F., supra,* at *p.* 31. The focal point is not upon the objective worth of the property, but upon its subjective worth to the client and those who represent him. If the property loses this latter value, the attor-

ney's possession becomes meaningless, and his passive lien, to all effects, worthless. Therefore, it is the inconvenience suffered by the client which determines the value of the lien, and if the client or his representative considers the elimination of this inconvenience to be as valuable as the amount of the attorney's charges, then the client will satisfy the charges, the lien will dissolve, and the client's property will be returned. The nature of the lien thus evokes the conclusion that the intrinsic value of the property is immaterial. *In re San Juan Gold, Inc., supra; In re Allied Owners' Corporation, supra (semble)*.

Shanley & Fisher's delivery of the corporate property to the receiver prior to payment was pursuant to court order and, hence, an involuntary surrender of possession. Therefore, its right to a lien was not relinquished. *Cf. H. & H. Ranch Homes, Inc. v. Smith*, 54 *N. J. Super., supra*, at *p*. 352. See 7 *Am. Jur., supra*, § 279. Although the trial court did not order security to be posted by the receiver before delivery of the property by Shanley & Fisher, its order that possession be surrendered subject to Shanley & Fisher's claim to a retaining lien was sufficient to preserve the right of the firm to the lien. *In re Allied Owners' Corporation, supra*; *In re Eurich's Ft. Hamilton Brewery, supra*; *In re Luber, supra (dictum)*. *Cf., Steiner v. Stein*, 141 *N. J. Eq.* 478 (*Ch.* 1948), s. c., 2 *N. J.* 367 (1949); *In re Badger*, 9 *F. 2d* 560 (2 *Cir.* 1925); Annotation 3 *A. L. R. 2d, supra*, at *p*. 155.

In order to reimburse Shanley & Fisher for its surrender of the corporate property, the trial court properly ordered that payment be made to the firm forthwith as an administration expense, since, without that corporate property, the receiver was unable to administer the adjustment and payment of claims.

Judgment affirmed.

*For affirmance*—Justices FRANCIS, PROCTOR, SCHETTINO and HANEMAN—4.

*For reversal*—Chief Justice WEINTRAUB, and Justices JACOBS and HALL—3.