In the Matter of SAMUEL AUGUST & CO., Inc., Bankrupt.

No. B-868-63.

United States District Court
D. New Jersey.

April 23, 1964.

Raff, Sherman & Scheider, Newark, N. J., for trustee, by Lawrence Raff, Newark, N. J.

Myron S. Lehman, Newark, N. J., petitioner, pro se, by Louis Auerbacher, Jr., Newark, N. J.

WORTENDYKE, District Judge.

This case comes before the undersigned on petition for review of an order of Honorable William H. Tallyn, Referee in Bankruptcy, dated October 23, 1963.

The Findings of Fact made by the Referee (included in his Certificate of Review) are not challenged. They are as follows:

"On July 12, 1963, Myron S. Lehman, Esquire, was retained by Samuel August & Co., Inc. to represent the corporation with respect to its financial difficulties. The corporation agreed to pay Mr. Lehman a fee of $2,000.00 for his services. Only $350.00 of this fee has been paid. Mr. Lehman attempted to effect a common-law settlement with the creditors of Samuel August & Co., Inc., but the creditors demanded that an assignment for their benefit be made to their attorney. Such an assignment was made on July 31, 1963.

"On August 6, 1963 an involuntary petition in bankruptcy was filed against Samuel August Co. Inc., and on August 14th, the receiver in bankruptcy obtained an order directing Mr. Lehman to surrender the books and records of the corporation. This order was made without prejudice to Mr. Lehman's claim to an attorney's retaining lien on the books and records.

"Subsequently, the corporation was adjudicated bankrupt; and Mr. Lehman moved for an order establishing the validity of his attorney's retaining lien on the books and records. This motion was heard on August 20, 1963 and again on September 10th, at which time decision was reserved.

"An order denying the application of Mr. Lehman was entered on October 23, 1963. His petition for review of this order was filed within time."

The Referee concluded as a matter of law that where a corporation makes an assignment for the benefit of its creditors, there no longer remains in the assignor any property on which its attorney can claim a retaining lien, especially when the attorney claiming the lien participated as the attorney for the assignor in making the assignment. The Referee therefore held that petitioner did not have a retaining lien on the bankrupt's books and records and that the trustee in bankruptcy held title to the books and records by virtue of Section 70, sub. a of the Bankruptcy Act, 11 U.S.C. § 110, sub. a.

Petitioner argues that, under Brauer v. Hotel Associates, Inc., 1963, 40 N.J. 415, 192 A.2d 831, he has an attorney's retaining lien on the bankrupt's books and records which was not lost by the transfer of those books and records to the receiver pursuant to the Referee's order, which made the transfer subject to any such lien.

The trustee contends that the Referee should be upheld in concluding that, under the New Jersey statutes governing assignments for benefit of creditors, such an assignment constitutes a loss of any such retaining lien and an attorney's participation in such an assignment amounts to a voluntary waiver by him of any such lien. The Referee had concluded that the Brauer case, supra, was not controlling because it involved the appointment of a receiver in a creditor's suit under the New Jersey corporate insolvency statute.

■ While the existence and effect of the right to an attorney's retaining lien is fixed by state law, Donaldson, Hoffman & Goldstein v. Gaudio, 10 Cir. 1958, 260 F.2d 333, 335, the right to assert such a retaining lien against a bankrupt is determinable exclusively by the bankruptcy court, Jackson v. Vance, 10 Cir.

1949, 179 F.2d 154, 157, cert. den. 1950, 339 U.S. 937, 70 S.Ct. 673, 94 L.Ed. 1355, in accordance with Federal law, Halpert v. Industrial Commissioner, 2 Cir. 1945, 147 F.2d 375, 376; 4 Collier on Bankruptcy, 14th Ed. para. 70.70[2], pp. 1523–1526. See also In re Pack-It, Inc., D.C.N.J.1958, 158 F.Supp. 148, and In re Mayfair Construction Co., D.C.N.J. 1959, 170 F.Supp. 657.

■ Under New Jersey law, an attorney has a common law retaining lien in all papers, books, documents, securities, moneys and property of the client which come into the attorney's possession in the course of and with reference to his professional employment. It gives the attorney only the right to retain possession of the client's property until the entire balance due him for legal services is paid. The effectiveness of the lien is not measured by the value of the property but by the inconvenience to the client in being denied access to his property, i. e., the subjective worth to the client. If the client, or his representative, considers the elimination of the inconvenience to be as valuable as the amount due the attorney, that amount will be paid to dissolve the lien. Brauer v. Hotel Associates, Inc., supra, 40 N.J. 419–420, 422–423, 192 A.2d 831.

■ The retaining lien, created before the insolvency of a New Jersey corporation, is not dissolved by the insolvency of the corporation and the appointment of a receiver pursuant to N.J.R.S. 14:14–1 et seq., N.J.S.A., and the statutory receiver takes title to the corporation's property subject to any such retaining lien which could have been asserted against the corporation prior to the appointment of the receiver, Brauer v. Hotel Associates, Inc., supra, 40 N.J. 421–422, 192 A.2d 831.

■ Although N.J.S. 2A:19–1, N. J.S.A., as pointed out by the Referee, provides that a general assignment for benefit of creditors transfers all of the debtor's property, such an assignment and the assignee's title are subject to all valid liens existing against the as-

signed property at the date of the assignment, West Hudson County Trust Co. v. Wichner, Ch.1936, 121 N.J.Eq. 157, 160, 187 A. 579. And see N.J.S. 2A:19–13, N.J.S.A., which gives the assignee only the power to dispose of the assigned property which the assignor had at the date of the assignment. Consequently, an attorney's retaining lien created on property before the assignment should survive such an assignment by a corporation as it would an insolvency of the corporation under Brauer, supra. The fact that the former transfer was voluntary and prepared by the attorney and the latter was involuntary does not change the result. In either case, the transfer could convey no more than the debtor owned and would be subject to any valid retaining lien on the debtor's property. Such a retaining lien would not, therefore, be dissolved by a general assignment for benefit of creditors under N.J.S. 2A:19–1 et seq., N.J.S.A.

■ ■ The retaining lien in this case would not be void under N.J.S. 2A:19–3, N.J.S.A., because, on the facts before me, the bankrupt's retainer agreement with and the transfer of its books and records to the attorney was not with the intention of preferring any creditor, including the attorney, but rather for the purpose of compromising the claims of creditors. Nor under New Jersey law did the attorney's surrender of the books and records, pursuant to the order of the bankruptcy court directing him to do so without prejudice to his lien, dissolve that lien, Brauer v. Hotel Associates, Inc., supra, 40 N.J. 423, 192 A. 2d 831.

Therefore, the attorney's retaining lien in the present case was and is valid under New Jersey law. Whether the petitioner-attorney's retaining lien, on the bankrupt's books and records, is valid under Federal law is not before this Court; the Referee decided only that there was no such lien under New Jersey law. The retaining lien would have to be valid under all provisions of the Federal Bankruptcy Act, including 11 U.S.C. § 96, subs. a and b which voids a pref-

erence within four months of the filing of the petition; 11 U.S.C. § 107, which voids a lien obtained within the same period; and 11 U.S.C. § 96, sub. d which requires that the bankruptcy court determine the reasonableness of any attorney's fee which the bankrupt paid or is obligated to pay. The lien would also have to be tested for validity under any other applicable provisions of Federal law, such as the effect of the bankruptcy on the existence of the lien, and its assertion against a trustee in bankruptcy. In re San Juan Gold, Inc., 2 Cir. 1938, 96 F.2d 60, and the effect on the lien of the petitioner's surrender of the books and records pursuant to the Referee's order, In re Allied Owner's Corporation, 2 Cir. 1934, 72 F.2d 255. None of these questions is presently before me.

■ Petitioner asks this Court to enter an order declaring that his retaining lien be declared an administration expense to the full extent of the balance due from the bankrupt under the retainer agreement. As noted above, the validity of the lien under Federal law is not before this Court on this petition for review. Moreover, the present record does not disclose to what extent the books and records of the bankrupt were necessary to enable the trustee in bankruptcy to reduce the bankrupt estate to his possession. It does not follow that a recognition of the existence of a retaining lien in favor of the petitioner under both Federal and state law, *ipso facto* entitles the lienor to have the full amount of his claim for services paid as an administration expense out of the bankrupt estate; especially where, as here, the bankrupt incurred its obligation to the petitioner within four months of the filing of the involuntary petition.

The Referee's order of October 23, 1963, insofar as it denied the validity, under New Jersey law, of petitioner's attorney's retaining lien upon the books and records of the bankrupt, is reversed, and an order may be entered declaring it valid under that law. The record is remanded to the Referee for his determination of the validity and enforce-

ability of the lien under Federal law, including the petitioner's status as a creditor of the bankrupt and the amount, if any, which he may be entitled to receive out of the assets of the bankrupt in the hands of the trustee.

An appropriate order may be submitted.