Lawrence SANDERS, Trustee in Bankruptcy of Ace Sales Company, Inc.

v.

PROVIDENCE WASHINGTON INSURANCE COMPANY.

No. 69 C 436(1).

United States District Court,
E. D. Missouri, E. D.

Dec. 21, 1970.

Curtis L. Mann, St. Louis, Mo., for Trustee in Bankruptcy, Lawrence Sanders, Trustee for Ace Sales.

Tyree C. Derrick, pro se.

Adolph K. Schwartz, St. Louis, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

This matter is before this court on the motion of plaintiff's former attorney to enforce an attorney's lien. The motion alleges the following: Tyree Derrick was employed as an attorney by the Ace Sales Company to recover fire insurance proceeds from the Providence Washington Insurance Company. Derrick entered into a contingent fee contract for his services on July 1, 1969. An action was commenced by Ace Sales Company against Providence Washington Insurance Company in the Circuit Court of St. Louis, Missouri, on or about November 10, 1969, and then was removed to this court under 28 U.S.C.A. 1332 on December 15, 1969.

On November 12, 1969, an involuntary petition in bankruptcy was filed by creditors against Ace Sales Company (69B 2124). The court entered an order of default adjudication and reference on December 6, 1969. The referee in bankruptcy appointed Lawrence Sanders as trustee, and by court order said trustee was substituted in this suit as plaintiff in lieu of Ace Sales Company on February 6, 1970. On September 15, 1970, the

referee ordered the trustee to settle the claim in this case for the sum of $126,-500.00. The defendant had issued its check payable to the trustee and attorney Derrick. The check is being held by the defendant's attorney until this court rules on the motion presently before it.

The position of Tyree Derrick is that the statute and decisional law of the State of Missouri create a valid lien in his favor for attorney fees due to his contingency fee contract with the Ace Sales Company, and that this court must declare and enforce his lien. The plaintiff has moved to dismiss the motion of attorney Derrick, maintaining that this court is not the forum in which attorney Derrick can enforce the requested relief.

It is the opinion of this court that the motion to dismiss must be sustained.

■ There are two principal reasons why the motion of attorney Derrick cannot be granted. First, under 11 U.S.C. A. 29(c), he is no longer a proper party to this cause of action. The above mentioned section of the Bankruptcy Act provides:

"§ 29. *Suits by and against bankrupts.*

"(c) A receiver or trustee may, with the approval of the court, be permitted to prosecute as receiver or trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him."

A review of the bankruptcy court orders reveals the following: On December 16, 1969, the referee appointed Curtis Mann as receiver in bankruptcy for Ace Sales Company. Pursuant to the petition of the appointed receiver, the referee ordered on December 18, 1969, that "all other persons or corporations be and the same are hereby enjoined and restrained from proceeding with any garnishments, attachments, executions or other levies against any moneys or funds held by Providence Washington Insurance Company by reason of the fire loss suffered by the bankrupt herein." On January 19, 1970, the creditors

elected and the referee approved the appointment of Lawrence Sanders as trustee.

Upon application by the trustee, the referee ordered on February 4, 1970, that the trustee was "authorized to substitute himself as party plaintiff * * * and to prosecute said lawsuit on behalf of the estate of the above named bankrupt." Thereafter, the trustee requested and the referee ordered on February 12, 1970, the employment of attorney Curtis Mann as attorney for the trustee.

On May 13, 1970, the referee denied the trustee's position to employ Tyree Derrick as special counsel in the prosecution of this case. Moreover, attorney Derrick stated in his memorandum that "(t)he referee in bankruptcy refused to appoint your movant as attorney to continue the litigation. Bankruptcy court jurisdiction is exclusive. 11 U.S.C.A. § 711 provides:

"§ 711. *Exclusive jurisdiction of debtor and property.*

"Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located."

Pursuant to the above provisions of the Bankruptcy Act, the trustee has been charged by the referee with the power to prosecute this case as party plaintiff, and he was by court order substituted as plaintiff in this cause of action. The referee refused to allow attorney Derrick to continue representing the plaintiff in this case. The decision to discharge an attorney by the trustee has long been recognized. See Sherman v. Buckley, 119 F.2d 280, 282 (2nd Cir. 1941), cert. den. 314 U.S. 657, 62 S.Ct. 110, 86 L.Ed. 527 (1941); In re Prudence Company, Inc., 96 F.2d 157, 160 (2nd Cir. 1938), cert. den. McGrath v. Davison, 305 U.S. 616, 59 S.Ct. 75, 83 L.Ed. 393 (1938). In light of the above authorities it is the opinion of this court that attorney Derrick lacks standing in this case.

Second, after petition in bankruptcy has been filed, the claimant must first seek his relief in the bankruptcy courts. In Jackson v. Vance, 179 F.2d 154, 157 (10th Cir. 1950), cert. den. 339 U.S. 937, 70 S.Ct. 673, 94 L.Ed. 1355 (1950), attorneys were hired by the owners of goods to collect proceeds of fire insurance and the owner was thereafter adjudged a bankrupt. The state court subsequently entered an order granting a charging lien. However, said order was held to be invalid as the rights of the attorney were subject to the bankruptcy court. The court stated, l.c. 157:

> "It is the well settled rule that upon adjudication in bankruptcy, title to the property of the bankrupt vests in the trustee as of the date of the filing of the petition in bankruptcy, and that thereafter the bankrupt court has paramount and exclusive jurisdiction to deal with such property. * * * *The existing rights of appellants for the services which they had rendered were not extinguished by the intervention of bankruptcy; but such rights must be determined and adjudicated by the bankruptcy court, not the state court.* (Citing cases.)" (Emphasis added.)

In the Matter of Samuel August & Co., Inc., Bankrupt, 228 F.Supp. 443, 444 (D.N.J.1964), the court focused upon the jurisdiction of the bankruptcy court and stated as to an attorney's lien:

> "While the existence and effect of the right to an attorney's retaining lien is fixed by state law, Donaldson, Hoffman & Goldstein v. Gaudio, 10 Cir. 1958, 260 F.2d 333, 335, *the right to assert such a retaining lien against a bankrupt is determinable exclusively by the bankruptcy court,* (citing cases), *in accordance with Federal law* (citing cases). (Emphasis added.)

The cases cited by Derrick are distinguishable factually from the facts in this case and do not provide a basis upon which this court could grant the requested relief. The trustee has the right to discharge an attorney, and also has the right to prosecute this case as party plaintiff. Both rights were exercised and approved by the referee prior to any settlement order. One of the very purposes of the Bankruptcy Act is to provide one forum for the adjudication of those individuals claiming an interest in the bankrupt's estate. Derrick's claim falls in such a category. The bankruptcy court did not waive its statutory right to first determine the right of attorney Derrick to his alleged lien.

Accordingly, the trustee's motion to dismiss the motion of attorney Derrick is sustained, and said motion is hereby dismissed, since attorney Derrick lacks standing in this court in this case.