## BURNS v. PRATT et al.

No. 24750. March 27, 1934.

Gibson, Maxey & Holleman, for plaintiff in error.

McLaury & Hopps, for defendant in error.

CULLISON, V. C. J. This appeal involves the question of an attorney's lien.

Edward Burns, as plaintiff, instituted suit against the Gulf States Corporation, a corporation, defendant, seeking to recover on two promissory notes and procure appointment of a receiver.

Louis W. Pratt, an attorney, filed the case for plaintiff, and later associated with him C. B. Cochran, an attorney of Oklahoma City. The record further discloses that Pratt had been the regularly retained attorney of the North American Car Corporation, handling said company's business in this section of the United States.

After said suit had been filed, and before the same was placed in judgment, plaintiff requested that Pratt turn over the files in said matter to the law firm of Gibson, Maxey & Holleman, in order that they might proceed with said litigation.

Plaintiff filed an application in said cause pending in the district court of Oklahoma county asking for said substitution. Mr. Pratt filed no response or pleading thereto. A hearing was had thereon. At said hearing the plaintiff introduced his evidence relative to the desire of changing attorneys. Attorney Pratt took the witness stand and testified, over the objection of plaintiff's attorney, in regard to who was the real party at interest in said suit, and as to the amount due from the North American Car Corporation to Pratt for attorney's fees.

Pratt had filed this suit, alleging that Burns was the owner and holder of said notes, and had sworn to said petition as attorney for plaintiff. Pratt now testified that the North American Car Corporation was the real party in interest, and seeks to litigate and determine the amount of money due him from the North American Car Corporation as attorney for said concern, and claims a lien against the papers in said cause, to wit, the notes.

At the conclusion of said hearing the court made an order sustaining plaintiff's motion to substitute attorneys in said cause conditional upon plaintiff reimbursing Louis W. Pratt for monies advanced and obligations incurred in the amount of $750; and further ordered that Louis W. Pratt have a retaining lien for the possession of the notes and files pertaining to said cause now in his possession in the amount of $13,000, which amount the court finds to be a reasonable fee.

From said order plaintiff appeals to this court. The parties to said appeal are plaintiff and his former attorney and cocounsel.

Plaintiff contends (1) that the court erred in the admission of evidence over plaintiff's objection; (2) that the decision of the court is not sustained by the evidence; (3) that the court erred in the adjudication of issues not presented by the pleadings; and lastly (4) the court erred in summarily adjudging and decreeing that Mr. Pratt's services were of the value of $13,000, and fixing a lien in said sum summarily and adjudging that plaintiff pay $750 as expenses without the same being tried in a plenary suit.

In consideration of this matter we observe that attorneys' liens have been held by this court to be of two kinds: First, statutory; and second, of common-law origin. A statutory lien is provided by section 4204, O. S. 1931, and provides that an attorney has a lien in accordance with the provisions of said section upon his client's cause of action from and after the commencement of the same or the filing of a counterclaim, and that said lien attaches to the verdict and judgment in his client's favor. A common-law lien is defined by this court in the case of State ex rel. Mothersead v. Dyer, 126 Okla. 260, 262, 259 P. 212, 215, wherein this court said:

"In 6 C. J., at pages 765, 766, it is said:

"'An attorney's lien is of two kinds: One is called the general, retaining, or possessory lien, and the other the special, particular, or charging lien. An important distinction exists between the general or retaining lien and the special or charging lien of an attorney in respect both to the extent of the claims secured thereby and to the manner of enforcement. The general or retaining lien extends to any general balance that may be due to an attorney for professional services, either in the particular matter in connection with which he came into possession of the money, papers, etc., or in any other matter, while the special or charging lien is strictly confined to the fees and costs due for services rendered in the particular suit wherein the judgment was recovered or the fund impounded.'

"The same authority, on page 766, defines this general lien as follows:

"'The general or retaining lien of an attorney is his right to retain possession of all documents, money or other property of his client coming into his hands professionally until a general balance due him for professional services is paid.'

"At page 803, of the same volume, will be found these words:

" 'The general or retaining lien cannot be actively enforced. It is a mere right of the attorney to retain the papers, etc., of his client in his possession until his claim is satisfied; it confers no further rights, and is valuable to the attorney in proportion to the extent that such retention by him will embarrass the client, that is to say, he cannot sell said papers under process to foreclose his lien, as may a pledgee or a mortgagee in other cases, but his lien extends only to the right to retain such papers until his debt is paid.' "

In the case at bar, Attorney Pratt and his cocounsel obtained a judgment ordering that plaintiff pay said attorney $750 as expenses incurred, and that said attorneys have a lien of $13,000 against the files and notes in said action, without the filing of any pleading in said cause alleging said amounts or any amount to be due from plaintiff to said attorneys.

The lien claimed by said attorneys is not the statutory lien which exists against the cause of action instituted by said attorneys. The only lien claimed by them is a retaining or possessory lien.

There were no issues made up in said cause by appropriate pleadings so as to enable the court to properly adjudicate any lien or the amount due between plaintiff and his attorneys, and the court's attempt to adjudicate such matters without said issues being properly raised by appropriate pleadings was erroneous.

The order of the trial court adjudicating that plaintiff pay $750 was beyond the issues in said cause and without any foundation of pleading, as was the order giving said attorneys a lien of $13,000.

Said attorneys have a possessory lien upon the notes and files in any amount due from the plaintiff. Pratt may keep possession of said papers until the questions of his attorney's lien or fees have been properly adjudicated. The judgment is reversed, with directions to the trial court to proceed in a manner not inconsistent with this opinion.

RILEY, C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur.