## DEVINE et al. v. PYANHUNKAH et al.

No. 22771.   Dec. 29, 1934.

A. P. Carr, for plaintiffs in error.

Tillman & Tillman and Louis O. Fink, for defendant in error Alice Pyanhunkah.

Frank T. McCoy, John R. Pearson, John T. Craig, and Paul A. Comstock, for defendant in error George B. Mellott, administrator of the estate of Harry Pyanhunkah, deceased.

PER CURIAM. This action is based on an attorneys' contract entered into between the interveners and Alice Pyanhunkah, on the 22nd day of March, 1928, for the collection of a judgment of $10,000 obtained against Harry Pyanhunkah on or about the 1st day of August, 1927. Harry Pyanhunkah died on or about the 7th day of February, 1930, and George B. Mellott was the administrator of his estate. None of the pleadings, orders of the court, or contract are set out in the briefs, so it is necessary for us to go to the record to ascertain what was done. Plaintiffs in error filed their amended petition, alleging, among other things, that they had an assignment and vested right to one-third interest in the judgment mentioned in the contract, a copy of which is attached to the amended petition. They had collected about the sum of $200. The petition in intervention prays for a restraining order against Alice Pyanhunkah claiming any right or interest in the one-third interest in the subject-matter, and that George B. Mellott. the administrator of the estate of Harry Pyanhunkah, deceased, prorate the payments made on said judgment equally between the petitioner and their former client in the sum of $1,873.01, with interest at 6 per cent. to each of said interveners, or in favor of both interveners in the sum of $3,746.02, with interest at 6 per cent. per annum from May 29, 1928.

1. Under section 4204, O. S. 1931, being the same as section 4100, C. O. S. 1921, an attorney has a lien from the commencement of an action or from the filing of an answer containing a counterclaim upon his client's cause of action or counterclaim, which shall attach to any verdict, report, decision or judgment in his client's favor, by serving notice of such lien or by indorsing upon the pleadings the words "lien claimed."

2. Under a contract which provides:

"In consideration of one dollar in hand paid and a sum equal to one-third of all sums which may be recovered by said first party in said cause of action or settlement, the first party undertakes and agrees to diligently and carefully prosecute the said cause of action or settlement to a conclusion in behalf of second party, and if said efforts are defeated to claim no further compensation, but in the event that the said first party shall recover any sum in said cause of action or settlement, they shall be entitled to and shall receive a sum equal to one-third of such recovered as full compensation, and the second party hereby appoints and designates first party her true, sole and lawful attorneys in this matter, and hereby assigns and sets over to said first party one-third of all sums recovered by them in this action or settlement."

The terms of the contract are unambiguous, and the attorney's lien only attaches to that part of the subject-matter of the action which is recovered.

3. The amended petition in intervention is very lengthy. The only material allegation is that Alice Pyanhunkah set over and assigned to interveners a one-third interest in the judgment therein mentioned, and thereby and by virtue of the subsequent acts of interveners, as herein set forth, these plaintiffs became vested with a one-third interest in and to the rights and causes of action of said mentioned defendant. A copy of the written contract is attached to the petition, and, as we view it, is contradictory to the allegations of the petition. The material part is as follows:

"But in the event that the said first party shall recover any sum in said cause of action or settlement, they shall be entitled to, and shall receive a sum equal to, one-third of such recovered, as full compensation, * * * and hereby assigns and sets over to said first part one-third of all sums recovered by them in this action or settlement."

It has been decided many times by this court that where there is a conflict in the

allegations set forth in the pleadings and the exhibit thereto attached, upon which the cause of action is based, the language of the exhibit is controlling. Deere v. Gypsy Oil Co., 160 Okla. 237, 15 P. (2nd) 1086; Mason v. Slonecker, 92 Okla. 227, 219 P. 357; Forry v. Brophy, 116 Okla. 99, 243 P. 506; Home Insurance Co. v. Whitchurch, 139 Okla. 1, 281 P. 234; School District No. 60 v. Crabtree, 146 Okla. 197, 294 P. 171.

There are no allegations in the petition that there had been any settlement made by the plaintiff, Alice Pyanhunka, and Harry Pyanhunkah, or the defendant George Mellott, administrator of the estate of Harry Pyanhunkah, deceased, and it being admitted by the interveners that they had received their one-third interest in the amount of $200 that had been collected, and it being clear under the terms of the contract that they were only to receive, and their assignment only to attach to, the one-third interest that was recovered, the demurrers to the petition in intervention were properly sustained.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys I. C. Saunders, John L. Goode, and E. C. Stanard in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Saunders and approved by Mr. Goode and Mr. Stanard, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.