## BROWN et al. v. INVESTORS SERVICE CO. OF McALESTER, OKLA.

No. 27626. March 15, 1938.

H. M. Shirley and Wm. C. Evans, for plaintiffs in error.

Sigler & Jackson, E. Moore, M. O. Counts, and J. Cal Counts, for defendant in error.

BAYLESS, V. C. J. Investors Service Company of McAlester, Okla., instituted an action in the district court of Coal county, Okla., against the unknown heirs of Nancy Henderson, deceased, who was a full-blood Chickasaw Indian. Salina Brown and David Alberson intervened. The purpose of the action was to determine heirship and quiet title. Judgment was for the plaintiff, and the interveners appeal.

A statement of the family history and the sale of the allotment will disclose the issues between the parties. The land involved was allotted to Frances Henderson, a full-blood Chickasaw Indian, who died unmarried, intestate, and without issue. Her mother was Nancy Henderson, who survived her. Who her father was is not certain, and this was the sole issue of fact. Plaintiff contended she was illegitimate, and that John Tussuk was her father. The interveners contended Tom Henderson, the husband of Nancy Henderson, was her father, although Frances may have been born before they were married. Nancy Henderson had a son, Wilburn Gibson, who was, of course, a half brother of Frances. Frances died in 1906 or 1907. Tom and Nancy survived her. If they were her parents, they inherited her land in equal shares. If Tom was not her father, then Nancy inherited all of Frances' land. Tom died before Nancy, and Nancy and the interveners were his heirs. Nancy died, and left the son as her sole heir. All of these Indians are full bloods. In 1911, Wilburn Gibson, asserting he was the heir of Nancy, who was the sole heir of Frances, and that he was the sole owner of the land in question, conveyed the land to J. C. Chapman. The deed was duly approved by the county court having authority so to do. By a chain of mesne conveyances the title thus created came to the plaintiff.

The trial court made several findings of fact, but one of these is sufficient to support all the others and to dispose of the case. The court found that Nancy Henderson, the mother, was the sole heir of Frances. This of necessity implied that Frances was illegitimate, and that Tom Henderson was not her father. It was necessary that Tom Henderson be her father

in order for the interveners herein to be entitled to judgment.

The plaintiff introduced some evidence that Frances was the child of John Tussuk, a man never married to Nancy. The other parties did not demur to this evidence. The evidence of interveners was meager. Some of the witnesses did not know Frances until she was several years old. One witness dated the marriage of Tom Henderson and Nancy as 1897. and the death of Frances in 1906, when she was a grown woman. Obviously, under this witness' testimony, Frances was born prior to the marriage. Some of these witnesses testifying Tom was her father knew only by hearsay. Upon consideration of all the evidence, the trial court found for plaintiff, and against the defendants and interveners.

The oft-repeated rule is that upon appeal from a judgment in an equitable action, on conflicting evidence, this court will examine the record and weigh the evidence, but will not reverse the judgment of the trial court unless it is against the clear weight of the evidence. Voris v. Robbins, 52 Okla. 671, 153 P. 120, and other cases cited in Oklahoma Digest, Appeal and Error, Key 1009 (4).

We are unable to say that the trial court's finding is against the clear weight of the evidence.

Judgment affirmed.

RILEY, WELCH, PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, C. J., absent.