## HAYNES DRILLING CO. v. INDIAN TERRITORY ILLUMINATING OIL CO.

No. 28685. April 11, 1939.

Rehearing Denied May 23, 1939.

Hayes, Richardson, Shartel, Gilliland & Jordan and Harry O. Glasser, for plaintiff in error.

W. P. McGinnis, Fred M. Carter, and Anglin & Stevenson, for defendant in error.

DAVISON, J. This case is presented on a second successive appeal from the district court of Oklahoma county. The decision in connection with the former appeal did not entirely dispose of the cause. It was remanded to the district court, with directions to determine certain stated questions of fact upon which the ultimate rights of the parties, as therein ascertained, depended. Indian Territory Illuminating Oil Co. v. Haynes Drilling Co., 180 Okla. 419, 69 P.2d 624.

Pursuant to the directions of this court, additional proceedings were had in the court below and judgment rendered. The Haynes Drilling Company appeals, appearing herein as plaintiff in error.

The plaintiff in error not only assails the judgment rendered in connection with the supplementary opinion, but presents a voluminous and able brief in which asserted errors in our former decision are presented and the withdrawal or modification thereof is urged.

It is established law in this jurisdiction that the decision of questions of law by this court on a former appeal establishes the law of the case and is controlling in the subsequent proceedings in the trial court, and in this court on a subsequent appeal unless gross and manifest injustice would result from adherence to the former decision. Metropolitan Ry. Co. v. Fonville, 36 Okla. 76, 125 P. 1125; Oklahoma City Electric Gas & Power Co. et al. v. Baumhoff, 21 Okla. 503, 96 P. 758; Chickasha Cotton Oil Co. v. Lamb et al., 58 Okla. 22, 158 P. 579; Markle v. Stekoll, 138 Okla. **171,**

280 P. 842; Stuckwish, Adm'x, v. St. Louis-S. F. Ry. Co., 177 Okla. 361, 59 P.2d 285.

This cause was accorded a most thorough consideration on the former appeal. The views expressed in the former opinion represented the balanced judgment of a majority of the members of this tribunal. That other opinions existed and were championed is evidenced by dissents noted in connection with the reported decision. We have in connection with this appeal reconsidered our former decision, and are unable to perceive that any gross or manifest injustice will result from adherence to the views therein expressed. It will therefore be followed as the law of this case in disposing of this appeal.

This case involves a dispute over the alleged failure of the Indian Territory Illuminating Oil Company, as lessee of an oil lease on, as well as adjacent to, producing property, to protect the leased property against drainage. In the first trial of this cause, before the trial court, the lease was canceled in part on the theory that the lessee was derelict in its obligation to protect against drainage. This court in the former appeal reversed the decree awarding cancellation and made provision for the allowance of damages in lieu thereof. However, the judgment of the trial court had not been superseded and the Haynes Drilling Company had entered upon that portion of the leased premises which, according to the trial court's decision, was no longer under lease, and had drilled a producing well. Our decision reinstating the lease necessarily terminated the right of the Haynes Company to occupy the premises for the purpose of producing oil thereon. Additional details with reference to the fact situation are set forth in our former opinion and will not be reiterated herein.

Our former decision provided for the adjustment of the rights of the respective parties on a monetary basis. We determined from the record then before us that $100,000 should be paid the Haynes Drilling Company for having drilled and equipped the well above referred to, and that the producing well should become the property of the Indian Territory Illuminating Oil Company. We directed that the Haynes Drilling Company should account to the Indian Territory Illuminating Oil Company for the oil produced from the well, less reasonable operation expenses, and directed a determination of facts on the questions involved by the trial tribunal. We also authorized a determination of and

compensation for loss from drainage which the Haynes Drilling Company may have sustained by reason of the failure of the Indian Territory Illuminating Oil Company to protect a small fractional portion of the leased premises as set forth in the opinion.

When the subsequent proceedings were had in the court below, the Haynes Drilling Company did not press any claim for damages for drainage upon the basis specified in our former opinion. The dispute is thus narrowed to an adjustment of the rights of the parties in connection with the oil well mentioned, supra.

The trial court determined an aggregate amount of $154,286.01 to be due to the Haynes Drilling Company from the Indian Territory Illuminating Oil Company. The sum thus computed was made up of items set forth in the journal entry of judgment, from which we quote in part:

"(a) $100,000 for drilling and equipping the well, as directed by the opinion of the Supreme Court.

"(b) $42,548.97 for lease operating expenses incurred by plaintiff in the operation of the well involved for the period of time from August 1, 1933, to July 21, 1937.

"(c) $11,287.04 for the cost of additional lease equipment placed upon said lease in 1934 and 1935 to care for and handle the oil and gas production from said well.

"(d) $1,200 for the administrative or general overhead expenses allowed plaintiff for the four year period above specified at the rate of $25 per month, making a sum total of $155,036.01, from which should be deducted $750, the amount stipulated and agreed by counsel to be the fair reasonable market value of said separator at the time it was removed from the premises by plaintiff, which leaves a balance of $154,286.01, the full amount to which plaintiff is entitled to judgment herein against defendant, with interest thereon from the date this judgment becomes final, all of which is adjudged and decreed accordingly."

The Haynes Drilling Company complains of the foregoing determination of the trial court in two respects. It asserts that error was committed by the trial court in connection with:

"(a) Tanks, of the value of $2,010 and a separator of the (stipulated) value of $750, by the trial court held to be well equipment, and by the Haynes Company claimed to be lease equipment;"

—and:

"(b) Overhead and administrative costs claimed by the Haynes Company in the

amount of $48,530.14, and by the trial court allowed in the sum of $1,200 only."

The items alluded to were more specifically treated in the findings of the trial court incorporated in the journal entry of judgment preceding the judgment proper. We quote:

"The court further finds that the item of $2,010 shown on said statement as having been purchased on July 18, 1933, from the Murray Tool & Supply Company and claimed by plaintiff as a direct cost of lease equipment, represents cost of stock tanks originally placed on said lease by plaintiff as a part of the equipment necessary to complete and equip said well for the production of oil that was to be and thereafter was produced therefrom by plaintiff, which item of $2,010 for said stock tanks constitutes one of the items which goes to make up the $100,000 allowed plaintiff by the Supreme Court for drilling and equipping the Haynes No. 1 well, and the court therefore disallows said item of $2,010 as a proper chargeable cost of lease equipment against defendant herein.

"The court further finds that when said Haynes well was drilled into the oil bearing sand it was necessary to install what is known as a separator in order to put the well on production and enable plaintiff to produce and save the oil from said well, which separator, according to stipulation of counsel made in open court, cost $1,500, but since the well ceased to be a flowing well, the separator has been removed from the premises by plaintiff and shipped to the state of Louisiana.

"The court further finds that the cost of said separator was included and embraced in the $100,000 allowed plaintiff by the Supreme Court for drilling and equipping said well, and therefore defendant is entitled to a credit on the items charged against it herein for the reasonable market value of said separator at the time the same was removed from the lease by plaintiff, which, by stipulation of the parties made in open court, is fixed at the sum of $750.

"The court further finds that the plaintiff is not entitled to recover an overhead or administrative expense as a part of the reasonable cost of the production of crude oil from said well in the sum or on the basis claimed herein by plaintiff, but the court allows plaintiff the sum of $25 per month for the four-year period above specified, which is the customary charge in the Oklahoma City field made by one joint owner against other joint owners for overhead or administrative expenses, which, for said period, amounts to the sum of $1,200, and is admitted by defendant in its answer to be a proper, fair and reasonable charge for such overhead expenses."

Whether the cost of the tanks and the separator were a part of the cost of drilling and equipping the well, and therefore included within the $100,000 allowed for that purpose by the previous opinion of the court or a part of the cost of production independent of drilling and equipping the well, was a question of fact. It was so treated by the parties in the trial of this cause. Witnesses were introduced in behalf of the respective parties indicating the existence of some disagreement on the matter among those engaged in the oil business. However, after carefully reviewing the proof upon this feature of the case, we are convinced that the finding of the trial court was amply supported by competent proof and is not against the weight of the evidence.

The other feature of the accounting upon which the parties are in disagreement involves the failure of the trial court to allow $48,530.14 instead of $1,200 for "administrative costs."

The judgment of the trial court was based upon the admission of the Indian Territory Illuminating Oil Company in its pleading that such charge was properly allowable, and a voluminous amount of evidence introduced by that company showing that $25 per month per well (the basis upon which the charge was computed) was and is the maximum customary charge for "administrative costs" in the Oklahoma City field wherein production is accomplished by one company under agreement with another.

The sum computed by the Haynes Drilling Company represented their claimed actual administrative cost as allocated by it between this and other wells operated by them.

Regardless of whether the Haynes Drilling Company completely demonstrated the specific sum allocated to this item by its accountants as the actual administrative cost in connection with this well, it is apparent that the actual cost to it was in excess of the amount allowed by the trial court. However, the direction of this court in the previous opinion was to ascertain the **reasonable** cost of production. Upon this question the evidence introduced by the Indian Territory Illuminating Oil Company is voluminous. As previously stated, a great deal of it relates to the prevailing charge for administrative costs between joint owners in the Oklahoma City field

and other fields similarly situated. The Haynes Drilling Company criticizes the probative force of this evidence, on the theory that the prevailing or customary charge as established between joint owners operating on a friendly basis, rather than between parties having an adversity of interest, is not a proper method of determining the dispute. It is asserted that in cases where friendly relations exist between the parties, the prevailing charge for administrative costs is minimized below a reasonable sum because of the existence of other considerations between operators which influence the determination of this prevailing charge. It is quite possible that in some instances other considerations might have had a bearing on the agreement of the parties. However, the existence of such influences, if any, was a question of fact. It would not be proper for us to promulgate a rule of law destroying the probative force of such evidence based upon the assumption urged by counsel. The evidence supports the view of the trial court on this question and the determination is in accord with the weight thereof. It is therefore our duty to affirm.

In this, a cause of equitable cognizance, the judgment of the trial court is not to be disturbed unless it is clearly against the weight of the evidence. Brown et al. v. Investors Service Co., 182 Okla. 270, 77 P.2d 566; Johnston, Trustee in Bankruptcy, v. American Finance Corporation, 182 Okla. 567, 79 P.2d 242.

The judgment is not, as we have determined, against the weight of the evidence; therefore, the decision of the trial court is affirmed.

WELCH, V. C. J., and RILEY, CORN, HURST. and DANNER, JJ., concur. BAYLESS, C. J., dissents. OSBORN and GIBSON, JJ., absent.