WILKERSON et al. v. WALKER et al.

No. 31742. March 26, 1946.

*167 P. 2d 372.*

John H. Cantrell and Cantrell, Carey & McCloud, all of Oklahoma City, for plaintiffs in error.

Leo J. Williams and S. J. Montgomery, both of Oklahoma City, for defendants in error.

GIBSON, C. J. As result of an explosion in Mayes county, Okla., occurring on or about June 28, 1942, several persons were injured, among them Clayton Walker and Harold Walker, minor sons of Fred Walker, resident of said county· Thereafter, during December, 1942, Fred Walker, in his own right and as father and next friend of each of his said sons, through his attorneys, Williams and Teague, of Oklahoma City, filed in the district court of Oklahoma county actions against Cities Service Oil Company and others for recovery of damages.

During the latter part of 1943 Messrs. Wilkerson and Murdock, attorneys residing at Pryor in Mayes county, filed in each of said actions instruments identical in terms denominated "Entry of Appearance and Statement of Attorneys' lien claimed and notice thereof", wherein it is averred that said attorneys were employed by Walker on or about June 29, 1942, to represent him in the prosecution and collection of the claim asserted in the petition; their ability and willingness to represent the plaintiff if permitted; their claim of a lien on the recovery through judgment or settlement to the extent provided in the contract; and declaration of notice to defendants of such claim.

Pursuant to stipulation the causes were consolidated for the purpose of disposing of the claim of the interveners in advance of trial or settlement of the actions. For the purpose of such disposition the lien claims so filed were by the stipulation treated as interveners' petitions and the allegations thereof as denied, and on the issue thus joined evidence was heard.

It is undisputed that immediately following the occurrence of the injury and while one of the sons was in the hospital and the resulting effect of the injury not yet determined, Walker consulted Mr. Wilkerson concerning the question of liability and was advised thereon and that the attorneys did preliminary work with reference thereto. The testimony is conflicting on the question whether the attorneys were employed by Walker to represent him in the matter of the prosecution of any claim.

The trial court found there existed no contract between Walker and the attorneys whereby the latter were employed to represent him in the prosecution of such claims, and further held that the court was without jurisdiction to adjudicate any claim of the attorneys for personal judgment against Walker upon quantum meruit for services rendered, and dismissed interveners' action. It is from this judgment that this appeal is prosecuted.

For reversal it is urged (1) that the holding of the court that no contract existed is clearly against the weight of

the evidence, and (2) that if no express contract existed, interveners were entitled to enforce their claimed lien on a quantum meruit basis.

As basis for invoking a review by this court of the evidence and seeking rendition thereon of such judgment as should have been rendered, it is asserted by appellants that this is an action in equity. Such contention is correct (McArthur v. Lotridge, 177 Okla. 184, 58 P. 2d 326; Simpson v. Baker, 123 Okla. 118, 252 P. 834.)

In cases of equitable cognizance findings of fact by trial court are not conclusive on appeal, but appellate courts' judgment should not lightly displace judgment of trial court which had the advantage of observing witnesses (Noble v. Bodovitz, 175 Okla. 432, 52 P. 2d 1046). This is especially true where the evidence is conflicting, and the finding thereon will not be disturbed unless clearly against the weight thereof. (Brown v. Investors Service Co. of McAlester, 182 Okla. 270, 77 P. 2d 566). After review, we find the court's holding that there existed no contract of employment is supported by, and hence is not contrary to, the evidence.

The sole basis in law for an attorney's lien upon a cause of action is found in 5 O. S. 1941 § 6 (Callahan v. Cowley & Riddle, 117 Okla. 58, 245 P. 48). And by the terms thereof such lien arises "from the commencement of an action, or from the filing of an answer containing a counterclaim."

In the instant case the interveners filed no court action, which is a condition precedent to the existence of the lien, and the terms of the statute not having been met, no lien upon the subject matter of the pending litigation could arise. The alleged attorneys' contract, if existent, would have given rise to rights between the parties thereto, and among such rights would be the authority of the attorneys to institute an action and thereby acquire the lien so provided by law. But without the institution of such action the statutory lien would not obtain.

These conditions likewise negative any virtue in the further contention that interveners, in the absence of an express contract for representation, are entitled to enforce their lien on the basis of quantum meruit. The promise implied by law to pay a reasonable compensation for services rendered could in no event give rise to such lien unless the service performed included the institution of action within the prescriptions of the lien statute.

The trial court said:

"The court has no jurisdiction in the issues as joined to determine any right for compensation that the claimants might be entitled to on the basis of quantum meruit."

The "issues as joined" involved only the enforcement of an attorney's lien. If the court had rendered a judgment on the basis of quantum meruit, independent of an attorney's lien, it would have been without and beyond the "issues as joined".

The interveners, being without a lien on the subject matter of the pending actions, were entitled to no relief sought by the petition in intervention, and same was properly dismissed.

Judgment affirmed.

HURST, V. C. J., and RILEY, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.