REPUBLIC UNDERWRITERS INSUR-
ANCE COMPANY, an Oklahoma
Corporation, Plaintiff/Appellee,

v.

Margaret Ann DUNCAN,
Defendant/Appellee,

v.

Robert T. KEEL, Intervenor/Appellant.

Nos. 60385, 60617.

Supreme Court of Oklahoma.

April 16, 1985.

Rehearing Denied Feb. 3, 1986.

Margaret Ann Duncan, pro se.

Martha R. Kulmacz, KEEL AND KUL-MACZ, Oklahoma City, for intervenor/appellant.

ALMA WILSON, Justice.

On October 6, 1979, Republic Underwriters Insurance Company [Republic] issued a homeowner's policy to Margaret Duncan. While this policy was in full force and effect, fire damaged Duncan's residence on February 25, 1980. Duncan made a claim against Republic for fire loss and related benefits provided for in the policy. Republic immediately undertook to settle Duncan's claim and offered a partial settlement for the structural damage to Duncan's home, pending processing of her residential contents loss claim in accordance with the policy. Duncan refused Republic's offer and employed Attorney Robert T. Keel.

Keel arranged a loan for Duncan, paid a photographer to photograph Duncan's damaged home and negotiated a partial offer of settlement on behalf of Duncan. Duncan refused the partial offer of settlement and fired Keel. Duncan then hired Attorneys Gile and Dawson who negotiated on Duncan's behalf until their discharge by Duncan. Duncan subsequently hired Attorney Laird who negotiated on her behalf until Laird either withdrew from the case or Duncan dismissed him.

On May 24, 1982, Republic filed a petition for declaratory relief in the District Court of Oklahoma County. Republic alleged that Duncan's course of conduct has been designed to start settlement negotiations, with no plans to conclude or pursue any settlement negotiated by her attorneys. Republic sought a court order to determine the amount of its liability to Duncan. On July 26, 1982, Duncan entered her appearance *pro se*, but subsequently engaged Attorney Paul E. Quigley.

Attorney Keel filed a petition to intervene on August 11, 1982. Keel asserted a lien on any insurance proceeds paid by Republic to Duncan for legal services, costs and expenses incurred during his previous representation of Duncan in the subject matter of the action. On August 27, 1982, the trial court issued an order granting Keel's motion to intervene.

Duncan entered into an "agreed judgment" with Republic on March 10, 1983. The document of release, signed by Duncan, states in pertinent part:

"In consideration of the mutual release of their respective legal rights with reference to the above mentioned claims and disputes, in consideration of the execution of this Mutual Release, and *in consideration of the payment by Republic Underwriters Insurance Company in the sum of $28,500.00, which amount is to be deposited with the Oklahoma County District Court Clerk in the form of a check from Republic Underwriters Insurance Company payable to Margaret Ann Duncan, Paul E. Quigley, her attorney, Oklahoma Mortgage*

*Company and Robert Keel, attorney,* as full satisfaction for any and all claims made by these parties against Republic Underwriters Insurance Company, each party expressly releases the other, their legal representatives and heirs, from all liability for any and all claims and demands as mentioned above." [Emphasis added].

/s/ _____
E. Paul Ferguson
Attorney for Plaintiff

/s/ _____
Paul E. Quigley
Attorney for Defendant and
Cross-Petitioner

/s/ _____
Margaret Ann Duncan

The trial court subsequently entered the following Order confirming the parties' agreement:

NOW ON THIS 15th day of March, 1983, this matter comes before this Court by agreement between the parties, the Plaintiff being represented by its attorney, E. Paul Ferguson, and the Defendant being represented by her attorney, Paul E. Quigley.

The Court finds that the parties have entered into a settlement agreement and that a judgment has been entered of record in this action in favor of the Defendant, Margaret Ann Duncan, in the sum of $28,500, pursuant to agreed judgment. The Court further finds that a check has been issued by Republic Underwriters Insurance Company in the sum of $28,500, *made payable to Margaret Ann Duncan, Paul E. Quigley, Oklahoma Mortgage Company, and Robert Keel;* and the Court further finds that Robert Keel has filed a Motion to Intervene in the action which is presently pending before this Court and which shall have to be determined as to his claim in these proceeds. The Court finds that *the parties have agreed that the funds will be held by the Court Clerk pending a final adjudication by this Court as to the interests of* Oklahoma

Mortgage and *Robert Keel* in the proceeds herein.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Court Clerk hold the funds herewith deposited until further order of this Court. [Emphasis ours].

/s/ _____
JUDGE OF THE DISTRICT COURT
APPROVED:

/s/ _____
Paul E. Quigley, Attorney for Defendant

/s/ _____
E. Paul Ferguson, Attorney for Plaintiff

The following day, Duncan filed a *pro se* motion for reconsideration of the agreed judgment. She subsequently filed various other documents, *pro se,* including a motion to dismiss Attorney Quigley on the ground of alleged "trickery". On April 11, 1983, Quigley sought leave to intervene to enforce a subsisting lien against the settlement proceeds by reason of legal services rendered as attorney of record.

The trial court, by order filed May 13, 1983, considered numerous motions and other pleadings. In its order, the trial court ruled:

1. All of the sundry motions filed by the defendant, Margaret Ann Duncan, pro se, which are too numerous to enumerate here, are overruled;

2. The *motion of* the *Intervenor, Robert T. Keel, for an order* of this Court *declaring* that he is entitled to a *lien* on a portion of the settlement proceeds in this case which are deposited in the office of the Court Clerk *is overruled.* No such lien can be established by this Intervenor under the provisions of 5 O.S.1981, § 6, since this Intervenor was not the attorney who commenced this action so as to be able to claim a lien under that Section. Further, the Intervenor does not have the settlement draft, which is the subject of this controversy, in his hands so as to be entitled to a possessory lien as he claims. This is not to say that said Intervenor does not have a legitimate claim against the defendant. He simply attempts to assert such claim

in the wrong forum. His action in this regard, if brought, must be brought in a separate case;

3. The motion for leave to intervene by *Paul E. Quigley,* the attorney of record for the defendant before he was discharged by her, is sustained and the movant *is granted leave to* enter this case for *the purpose of establishing the amount of his lien;* [Emphasis ours].

 We agree that Keel cannot establish a statutory charging lien on the settlement proceeds here in controversy by virtue of 5 O.S.1981 § 6, which provides:

From the commencement of an action or from the filing of an answer containing a counterclaim, *the attorney who represents the party in whose behalf such pleading is filed shall,* to the extent hereinafter specified, *have a lien upon his client's cause of action or counterclaim,* and same shall attach to any verdict report, decision, finding or judgment in his client's favor; and the proceeds thereof, wherever found, shall be subject to such lien, provided such attorney serves notice upon the defendant or defendants, or proposed defendant or defendants, in which he shall set forth the nature of the lien he claims and the extent thereof; and said lien shall take effect from and after the service of such notice, but such notice shall not be necessary provided such attorney has filed such pleading in a court of record, and endorsed thereon his name, together with the words "Lien claimed." [Emphasis ours].

The sole basis in law for an attorney's lien *upon a cause of action* is found in the above section. By its terms, the commencement of an action or the filing of an answer containing a counterclaim is a condition precedent to the existence of a Section 6 statutory charging lien, which attaches to any *verdict, decision or judgment* on a client's cause of action. *Wilkerson v. Walker,* 196 Okl. 618, 167 P.2d 372 (1946); *Devine v. Pyanhunkah,* 170 Okl. 178, 39 P.2d 132 (1935). However, the general possessory lien which Keel seeks to protect is not created by statute.

 It is a well-settled proposition of law that an attorney has a general *possessory* or *retaining* lien which attaches to property or monies of his client in his hands for the fees or for any general balance due him form his client. *American National Bank of Stigler v. Funk,* 68 Okl. 169, 172 P. 1078 (1918). We find nothing in the statutes which evinces legislative intent to do away with an attorney's possessory or retaining lien and such intent cannot be presumed or implied. Such a general possessory or retaining lien upon a client's documents, property or monies coming into an attorney's hands finds its genesis in the common law, as distinguished from the statutory foundation for a charging lien upon a client's specific recovery, if any, in a particular cause of action. The practical difference is that the common law retaining lien depends upon the attorney's *possession* of and attaches to certain documents, property or monies; while the statutory charging lien arises only upon the commencement of an action or the filing of an answer containing a counterclaim, and attaches only to a verdict, decision, finding or judgment. Thus, in the absence of contrary agreement, the attorney's retaining lien may be the only recourse available to secure the satisfaction of a client's debts for legal services not requiring the commencement of an action or the filing of an answer or counterclaim. The retaining lien is therefore uniquely applicable to those situations, including the performance of legal services in the course of settlement of disputes through counsel. Nevertheless, the retaining lien entitles the attorney only to *retain* lienable documents, property, or monies in his possession pending satisfaction of any general balance or fee due him from the client. An attorney validly exercising this retention right is not thereby vested with legal title to the retained documents, property or monies and may not reduce them to his independent benefit prior to agreement between attorney and client or, in lieu thereof, judicial adjudication of the attorney's asserted retaining

lien. Moreover, if possession of such documents, property or monies is voluntarily relinquished to the client, the retaining lien is lost.

 Under the facts of the present case, we believe Keel validly asserted a retaining lien on the settlement draft tendered into court pending a final adjudication by the court as to the interest of Keel in the funds. The undisputed record shows that on March 10, 1983, Republic issued a settlement draft in the amount of $28,500 jointly payable to Margaret Duncan, Paul Quigley, Oklahoma Mortgage Company and Robert Keel. On its face, the draft evidenced the following condition:

"THIS DRAFT MUST BE PRESENTED FOR PAYMENT WITHIN 120 DAYS OF ISSUE DATE OR BE CANCELLED AND VOIDED"

The parties failed to arrive at a mutually agreeable sum to be paid to Keel, but agreed that the amount of Keel's attorney fee would be submitted to the trial court. Quigley presented the settlement draft to Keel and Keel took possession of the draft. Keel signed the draft for the mutually expressed purpose of effecting a deposit with the court clerk and judicial adjudication of his interest according to the previous order of the trial court, *supra.* On May 20, 1983, the trial court partially disbursed the draft proceeds to Duncan and Quigley, but still retains the amount of the lien claimed by Keel. It is our opinion that the court clerk retains the requisite possession of the funds in controversy on behalf of Keel. The possession retained by the court clerk in this instance is constructively the possession of Keel, as possession of the draft was never voluntarily surrendered to Duncan. Keel, who had the retaining lien on the funds represented by the draft, relinquished actual possession to Attorney Quigley so that it could be deposited with the court and a hearing set. An act of any attorney, as an officer of the court, in depositing a draft payable to a client with the court clerk in connection with the claim of an attorney against the client for legal services is not such release of possession as to destroy the attorney's retaining lien thereon. *See F.C. Keane v. A.F. McFee,* 275 P.2d 960 (Ida.1954) *citing American National Bank v. Funk, supra.* Accordingly, in the present case, Keel's release of the draft to be deposited with the clerk of the trial court was not such release of possession as to destroy Keel's retaining lien. We reverse the trial court's ruling to the contrary.

This is not to say that Keel is relieved from litigating with Duncan the reasonableness of the charges secured by the lien for legal services on a quantum meruit basis. We must therefore remand this matter to the trial court for proper adjudication of the parties' respective interests in, and final disposition of, the funds now held by the court clerk.

DOOLIN, V.C.J., and HODGES, LAVENDER, HARGRAVE, SUMMERS, JJ., concur.

OPALA and KAUGER, JJ., concur in judgment.