1998 OK CIV APP 189

Tom WILCOX, Plaintiff/Appellant,

v.

MID–CONTINENT CASUALTY COMPA-NY; Mid–Continent Insurance Company; Oklahoma Farmers Union Mutual Insurance Company; Farmers Insurance Company, Inc., Defendants/Appellees,

and

Galen Hedges, Defendant.

No. 89,944.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 11, 1998.

Rehearing Denied Sept. 15, 1998.

Certiorari Denied Dec. 2, 1998.

Tom Wilcox, Midwest City, Oklahoma, plaintiff/appellant pro se.

Michael L. Darrah, and Katherine T. Loy, Durbin, Larimore & Bialick, Oklahoma City, Oklahoma, for defendants/appellees Mid–Continent Casualty Company and Mid–Continent Insurance Company.

Janice M. Dansby, Abowitz, Rhodes & Dahnke, Oklahoma City, Oklahoma, for defendant/appellee Oklahoma Farmers Union Mutual Insurance Company.

William D. Pettigrew, Dobbs, Schroeder & Middleton, Oklahoma City, Oklahoma, for defendant/appellee Farmers Insurance Company, Inc.

OPINION

ADAMS, Judge.

¶ 1 The events leading to this appeal began when Galen Hedges was involved in an accident on U.S. Highway 64 near Alva, Oklahoma, and sustained personal injury. According to the petition filed by Tom Wilcox, an attorney, Hedges hired him to represent Hedges "for any and all claims" Hedges might have against "any person, company and/or entity except for the State Insurance Fund," and Hedges agreed Wilcox would be paid a contingency fee out of any sums recovered on his cause of action arising out of the injuries sustained in the accident. Wilcox's petition (and an amended petition) alleged Hedges discharged him and refused to honor the contingency fee contract.

¶ 2 Wilcox also alleged he had a "statutory, legal and/or equitable lien" against insurance proceeds payable by Mid–Continent Casualty Company, Mid–Continent Insurance Company, Oklahoma Farmers Union Mutual Insurance Company, and Farmers Insurance Company, Inc., (Insurers) to Hedges attrib-

utable to Hedges' cause of action. Insurers moved to dismiss, arguing Wilcox had failed to state a claim against them because he had never filed any pleadings to enforce Hedges' cause of action and therefore could not have a lien.

¶ 3 The trial judge sustained Insurers' motions, dismissed Wilcox's claims against Insurers and entered an order making the necessary findings and express directions required under 12 O.S.Supp.1995 § 994 in order for that judgment to be final. On appeal, Wilcox contends he had an equitable lien which he could enforce against Insurers. The trial judge concluded otherwise in dismissing Wilcox's claims against Insurers, and we concur in that assessment.

¶ 4 A motion to dismiss for failure to state a cause of action will not be sustained unless it appears beyond doubt that the plaintiff can prove no set of facts in support of a claim for relief. *Brock v. Thompson*, 1997 OK 127, 948 P.2d 279. Under the petition, even if every allegation set forth or which could be set forth by Wilcox is accepted as true, no relief will be available on the claims he has prosecuted against Insurers.

¶ 5 According to Wilcox, *Clark v. Armstrong & Murphy*, 180 Okl. 514, 72 P.2d 362 (1937), authorizes the creation of an equitable lien against the funds held by Insurers. *Clark* involved an agreement whereby the attorneys agreed to defend a corporation in certain lawsuits and the company agreed that the attorneys would be paid for this work out of funds collected from creditors not involved in those actions. The Court held that the attorneys had an equitable lien against the funds collected from those creditors as against the principal owner of the company who was aware of the agreement. The attor-

neys in *Clark* were not asserting a lien against a cause of action.

¶ 6 Wilcox seeks to impress his lien against a cause of action, and his claim is therefore controlled by the holding in *Republic Underwriters Insurance Company v. Duncan*, 1985 OK 30, ¶ 8, 713 P.2d 568, 571:

> The sole basis in law for an attorney's lien *upon a cause of action* is found in [5 O.S.1991 § 6]. By its terms, the commencement of an action or the filing of an answer containing a counterclaim is a condition precedent to the existence of a Section 6 statutory charging lien, which attaches to any *verdict, decision or judgment* on a client's cause of action. *Wilkerson v. Walker*, 196 Okl. 618, 167 P.2d 372 (1946); *Devine v. Pyanhunkah*, 170 Okla. 178, 39 P.2d 132 (1935). (Emphasis in original.)

¶ 7 The only other basis for a lien recognized in *Republic* is the attorneys' possessory or retaining lien. Wilcox does not assert he has such a lien. It is undisputed that Wilcox filed no pleadings whatsoever on behalf of Hedges and hence could not establish a condition precedent for the establishment of a statutory charging lien. The trial court correctly concluded that Wilcox could prove no set of facts under these circumstances which would entitle him to relief against Insurers, and dismissed Wilcox's claims against them. The judgment is affirmed.

AFFIRMED.

HANSEN, J., and BUETTNER, P.J., concur.