2003 OK CIV APP 40

**BRITTON AND GRAY, P.C., Plaintiff/Appellee/Counter–Appellant,**

v.

**Debbie SHELTON, Defendant/Appellant/Counter–Appellee.**

**No. 97,053.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 6, 2003.

Certiorari Denied April 29, 2003.

Lon J. Darley, III, Holloway, Dobson & Bachman, Oklahoma City, OK, For Appellant.

Michael D. Gray, Britton & Gray, P.C., Oklahoma City, OK, For Appellee.

Opinion by LARRY JOPLIN, Vice–Chief Judge.

¶1 Defendant Debbie Shelton (Client) seeks review of the trial court's order granting judgment to Plaintiff Britton and Gray, P.C. (Firm) on their prayer for declaratory relief and Client's counterclaims, by which the parties sought an adjudication of rights in and possession of certain documents following termination of their attorney-client relationship. In the principal appeal, Client asserts a superior right to possession of the documents, notwithstanding the Firm's assertion of a retaining lien to secure payment of legal fees earned. In the counter-appeal, the Firm challenges denial of post-judgment attorney's fees and costs.

¶2 Client went to the Firm in the fall of 2000, seeking advice concerning a real estate purchase dispute, and consulted with one of the Firm's attorneys. Client executed an "engagement letter," by which she agreed to compensate the Firm for services rendered in any event. In the course of the representation, Client provided various original documents, including reports of experts, photos, real estate transaction documents and property appraisals which she had previously obtained and paid for.

¶3 Sometime in the first half of 2001, the attorney assigned to Client's case left the Firm and accepted employment with another law firm. In June 2001, Client terminated her relationship with the Firm and demanded possession of her file. Shortly thereafter, Client hired her former attorney (at his new firm) to pursue her claim, and the attorney also demanded possession of Client's file. The Firm responded, asserting a retaining and/or possessory lien on the property demanded, and sought payment of its earned fees[1] as a condition precedent to return of the property.

¶4 On August 7, 2001, Firm commenced this action, seeking a declaration of the validity and superiority of its retaining lien. Client responded, asserting counterclaims for conversion, consumer fraud, negligence, tortious breach of contract and replevin, all (or most) premised on the same allegations of Firm's wrongful retention of her file and documents.

¶5 On September 14, 2001, Firm filed a motion for summary judgment, setting forth legal authorities and evidentiary materials argued to demonstrate its superior retaining lien claim to the contents of Client's file, including Client's original documents which she provided. On October 1, 2001, Client filed her objection and response to the motion for summary judgment, asserting insufficiency of the record, and need for further discovery. Client also submitted authorities and materials argued to show her superior right to the materials.

---

**1.** Client paid $6,250.00 in attorney's fees and costs, and according to Firm, still owed $4,381.78 for unpaid professional services.

¶ 6 On October 12, 2001, the trial court granted Firm's motion for summary judgment in all respects. Client then commenced the instant appeal. Upon the trial court's denial of the Firm's post-judgment application for an award of attorney's fees and costs, the Firm filed a counter-petition in error, challenging the trial court's post-judgment order.[2]

¶ 7 "Oklahoma law recognizes two types of lien by which a lawyer may secure payment for services: (1) a statutory charging lien and (2) a common-law general possessory or retaining lien." *State ex rel. Oklahoma Bar Ass'n v. Cummings*, 1993 OK 127, ¶ 12, 863 P.2d 1164, 1168–69. "A lawyer can assert a [statutory] . . . charging lien [pursuant to 5 O.S. § 6] only when he (or she) has commenced an action on behalf of a client or filed an answer containing a counterclaim, and endorsed on the pleading a notice of a lien claim[,] [and the] charging lien . . . attach[es] to the ultimate verdict, report, decision, finding or judgment that is entered in a client's action or counterclaim." *Cummings*, 1993 OK 127, ¶ 12, 863 P.2d at 1169.

 ¶ 8 On the other hand, the common law retaining lien is but "a lawyer's claim to retain a client's papers, money or property in his (or her) possession until the fee is satisfied." *Cummings*, 1993 OK 127, ¶ 13, 863 P.2d at 1169–70. The claimed attorney's fees secured by the retaining lien must in all cases be "properly chargeable" and reasonable. *Cummings*, 1993 OK 127, ¶ 13, 863 P.2d at 1169; *Republic Underwriters v. Duncan*, 1985 OK 30, ¶ ——, 713 P.2d 568, 572.[3] And, obviously, there must be attorney's fees due and owing.

 ¶ 9 The retaining lien generally attaches to *all property, papers, documents, securities and monies of the client* coming into the hands of the attorney in the course of the professional employment. *See, e.g., Roxana Petroleum Co. of Oklahoma v. Rice*, 1924 OK 1042, 109 Okla. 161, 235 P. 502. However, "a lawyer [may not] take money or property entrusted to him for a 'specific purpose' and apply it to the attorney's fee claim." *Cummings*, 1993 OK 127, ¶ 14, 863 P.2d at 1170; *State ex rel. Oklahoma Bar Ass'n v. Meek*, 1994 OK 118, ¶ 10, 895 P.2d 692, 698.

¶ 10 In this respect, the Rules Governing Disciplinary Proceedings provide:

Where money or other property has been entrusted to any attorney for a specific purpose, he must apply it to that purpose. He may not avail himself of a counterclaim or setoff for fees against any money or other property of his client coming into his hands for such specific purpose, and a refusal to account for and deliver over such money or property upon demand shall be deemed a conversion. This does not apply to the retention of money or other property otherwise coming into the hands of a lawyer and upon which the lawyer has a valid lien for his services.

Rule 1.4(b), Rules Governing Disciplinary Proceedings, 5 O.S., Ch. 1, App. 1–A. While the rule refers to money "or other property," the three Oklahoma cases concerning retaining liens and "specific purpose" deal either with money or shares of stock. *Cummings*, 1993 OK 127, ¶ 17, 863 P.2d at 1170–71 (money paid to attorney, originally designated for the "specific purpose" of taking a deposition, not subject to retaining lien); *Meek*, 1994 OK 118, ¶ 10, 895 P.2d at 698 (attorney had no retaining lien on check from client's former spouse, delivered to the attorney as payment for past support alimony.) *State, ex Rel. Oklahoma Bar Association v. Briggs*, 1999 OK 76, ¶ 15, 990 P.2d 869, 872–873 (sale of stock to pay attorney's fee permitted since stock given for that purpose.)

¶ 11 Although there are no Oklahoma cases discussing "other property," the Su-

---

**2.** The matter stands submitted for accelerated review on the trial court record. Rule 13(h), Rules for District Courts, 12 O.S. Supp.1993, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App.

**3.** Held, terminated attorney's "release of the [settlement] draft to be deposited with the clerk of the trial court was not such release of possession as to destroy [his] retaining lien," but terminated attorney is not "relieved from litigating with [his former employer] the reasonableness of the charges secured by the lien for [his] legal services on a quantum meruit basis," and cause remanded for further proceedings.

preme Court in *Cummings* cited *Brauer v. Hotel Associates, Inc.*, 40 N.J. 415, 192 A.2d 831 (1963).[4] In *Brauer*, the attorneys obtained possession of certain corporate books and records in their capacity as registered corporate agent, but obtained other corporate documents and records in the course of their representation of the corporation in other matters. The New Jersey Supreme Court held that the documents obtained by the attorneys in their capacity as corporate agent were not subject to a retaining lien because "possession of the property [was] maintained for a special purpose inconsistent with his claim to a lien." *Brauer*, 192 A.2d at 834. However:

> As to [the] other records it is clear that they were received solely with respect to and in the course of professional services and not as statutory agent. Even though the lien may not properly be asserted against those records which were kept by [the attorney] in his statutory capacity as registered agent of the corporation, [the law firm] received the other corporate records in its professional capacity and may therefore assert its retaining lien against them. It is not essential that all of its services be devoted to the property upon which the firm asserts a lien. It is only necessary that what it possesses has been obtained by virtue of its professional employment.

*Brauer*, 192 A.2d at 834.

■ ¶ 12 Two things seem clear in the "specific purpose" analysis of retaining liens when dealing with property other than money. First, the retaining lien attaches to a client's original documents delivered to the attorney in the course of the client's representation. Second, the retaining lien does not attach to a client's books, papers and other property if delivered to the attorney for a specific purpose different from that representation for which the attorney was hired.

■ ¶ 13 According to her affidavit in the present case, Client sought return of her original documents and photographs which she provided "for the *specific purpose* of having my attorney ... review, assess and hold the documents as *exhibits and evidence* of claims I intend to pursue ... [,] trusting the exhibits and evidence would be safely kept until needed in the anticipated litigation." (Emphasis original.) This review, assessment and safe keeping for use in a future trial, it seems to us, are all aspects of the "professional services" which Client initially hired the Firm to perform. They were not provided for a "specific purpose" unrelated to the anticipated litigation, and we hold Client's original documents are subject to the Firm's retaining lien.

¶ 14 However, and contrary to the trial court's conclusion, the inquiry does not stop here. This is so because there is evidentiary material in the record where client alleges prejudice to her without these documents. Particularly, she asserts that these documents are now fundamental to pursuit of her claim for which she initially hired Firm, and that withholding these documents from her and her substitute counsel frustrates that purpose, and impedes her "ability to pursue the claims."[5]

¶ 15 Generally, the only advantage an attorney derives from the "ancient retention power"[6] "recognized since earliest time"[7] is some leverage to induce the client to settle the fee dispute. Most often, a client settles because of embarrassment[8] or inconvenience:

> my claims cannot be proven if I an unable to obtain the documents from [the Firm].

4. *Cummings*, 1993 OK 127, ¶¶ 12, 13, 863 P.2d at 1169, fn. 17, 23.

5. In her complaint to the Oklahoma Bar Association, attached to the Firm's reply to her objection to summary judgment, Client stated:
 > I need the exhibits and evidence from my file with [the Firm]. I am concerned that I will be required to produce the exhibits and evidence to support my claims in discovery. [My attorney] has recommended that suit involving these claims not be filed without having these items available. I am concerned that some of

6. *Cummings*, 1993 OK 127, ¶ 13, 863 P.2d at 1170.

7. *In re Choate*, 1935 OK 936, ¶ 13, 174 Okla. 446, 50 P.2d 706, 709; *Roxana Petroleum Co.*, 1924 OK 1042, ¶ 16, 235 P. at 507.

8. *Burns v. Pratt*, 1934 OK 191, ¶ 10, 167 Okla. 546, 31 P.2d 106, 108 (a retaining lien carries with it no right of foreclosure, but "is valuable to

... [T]he effectiveness of the lien is proportionate to the inconvenience of the client in being denied access to his property. The focal point is not upon the objective worth of the property, but upon its subjective worth to the client and those who represent him. If the property loses this latter value, the attorney's possession becomes meaningless, and his passive lien, to all effects, worthless. Therefore, *it is the inconvenience suffered by the client which determines the value of the lien,* and if the client or his representative considers the elimination of this inconvenience to be as valuable as the amount of the attorney's charges, then the client will satisfy the charges, the lien will dissolve, and the client's property will be returned. (Citations omitted.)

*Brauer,* 192 A.2d at 835. (Emphasis added.) As the Supreme Court observed in *Cummings,* "[a] client who values the property retained by the lawyer will doubtless attempt to redeem it from the lien." 1993 OK 127, ¶ 13, 863 P.2d at 1169, fn. 24.

¶ 16 At some point, however, an attorney's claimed retaining lien may cross the line from mere inconvenience or embarrassment to potential harm or prejudice.

¶ 17 Other jurisdictions have occasionally addressed this issue. For public policy reasons, some courts have refused to enforce the retaining lien when a client's important liberty interests are at stake, such as when the papers in the attorney's possession are essential to defense of a criminal charge. *Jenkins v. Weinshienk,* 670 F.2d 915 (10th Cir.(Colo.) 1982). California has held that where the subject matter of an attorney's lien is of no economic value to the attorney, but is used only to extract disputed fees from his client, the lien is void as against public policy and unenforceable. *Academy of Calif. Optometrists, Inc. v. Superior Court,* 51 Cal.

App.3d 999, 124 Cal.Rptr. 668 (3rd Dist. 1975). This holding was not limited to books and papers originally given to the attorney, but applied to all pleadings, depositions, papers, memorandums, work product, and the entire contents of the client's file "collected during five years of representation." 51 Cal. App.3d at 1004, 124 Cal.Rptr. 668.

¶ 18 Although the retaining lien is derived from common law, no Oklahoma court has answered the question of whether an attorney in Oklahoma may exercise the ancient retention right despite any resulting prejudice to the client. However, the Oklahoma Rules of Professional Conduct specify:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

Rule 1.16(d), Rules of Professional Conduct, 5 O.S., Ch. 1, App. 3–A. While the outer limits of "the extent permitted by other law" has not been judicially determined, the comment[9] to Rule 1.16(d) seems to shed some light:

Even if the lawyer has been unfairly discharged by the client, a lawyer must take all reasonable steps to mitigate the consequences to the client. The lawyer may retain papers as security for a fee only to the extent permitted by law.

▪ ¶ 19 The rule imposes a *mandatory* obligation on an attorney to mitigate the consequences of the severed attorney-client relationship, and *requires* the attorney to "surrender" the client's papers.[10] The rule

the attorney [only] in proportion to the extent that such retention by him will embarrass the client....")

9. "Comments do not add obligations to the Rules but provide guidance for practicing in compliance with the Rules.... The Comment accompanying each Rule explains and illustrates the meaning and purpose of the Rules.... The Comments, which embody Oklahoma changes, are

intended as guides to interpretation, but the text of each Rule is authoritative." Rules of Professional Conduct, 5 O.S., Ch. 1, App. 3–A, Preamble, Scope.

10. See, *State, ex rel. Oklahoma Bar Association v. Bolusky,* 2001 OK 26, 23 P.3d 268; *State, ex rel. Oklahoma Bar Association v. Vincent,* 2002 OK 40, 48 P.3d 797.

also *permits* an attorney to retain the client's papers to secure payment of *earned* and *unpaid* fees, but *only* as allowed by law. The contrast between the *mandatory* obligation to surrender the client's papers, and the *permissive* retention right, suggests to us that, all other things being equal, the right of the client to possession of *his or her* books and papers prevails over the attorney's retaining lien rights in the case of conflict between the two. This must be so because the assertion of a retaining lien that causes prejudice to a client is inconsistent with the lawyer's continuing duty to his client, particularly since other legal methods are available to collect the fee. So, in a conflict between an attorney's retained possession and prejudice to the client, a balancing of the competing rights must be undertaken.

¶ 20 In this respect, we find illuminating and persuasive a decision of the Arizona Supreme Court. *National Sales & Service Co., Inc. v. Alper*, 136 Ariz. 544, 667 P.2d 738 (1983). There, a dispute arose between the client's former and successor attorneys concerning the right to possession of the client's "files," including certain corporate books and records. On the validity of the former attorneys' asserted retaining lien, and relying on the Arizona Code of Professional Responsibility, the Restatement of Laws, Securities, and the Restatement of Laws, Second, Agency 2d, the Arizona Supreme Court held an attorney's retaining lien must yield where the assertion of a lien is inconsistent with the attorney's duties to and rights of the client:

Because of the broad range of tasks a lawyer might undertake for a client, there can be no question that some of a lawyer's duties can be inconsistent with the assertion of his lien rights. It is our task, therefore, to examine this case for circumstances such as duties imposed by the Code of Professional Responsibility which limit the nature and extent of the attorney's retaining lien. The extreme limits of the reach of the lien are obvious. For example, we believe it is proper for the lien to apply to the lawyer's, and his staff's, research notes and internal memoranda

concerning the case. This kind of paper work, the work product of the lawyer's efforts, is clearly the lawyer's property and remains his property at least until he is paid.

On the other hand, we believe it is improper for the lien to attach to a document given by the client to the lawyer for a purpose inconsistent with the fixing of a lien upon it. If, for example, a client brings an original document or instrument to a lawyer for delivery to another, then the client's purpose is inconsistent with the fixing of a lien upon the document or instrument. (Citation omitted.) Likewise, *if a client brings some book, document or other chattel to his lawyer for use as an exhibit at an impending trial, the client's purpose is inconsistent with the fixing of a lien upon the document. In either of the above cases the lawyer's duty to seek his client's lawful objectives and to avoid prejudice or damage to his client are inconsistent with his assertion of a retaining lien.*

*Alper*, 667 P.2d at 740. (Emphasis added.)

¶ 21 Consequently, where as here, a client furnishes to an attorney original documents needed for anticipated litigation, and the client alleges that he or she cannot pursue the claim further without those documents, the trial court must determine (1) whether the client will suffer serious consequences without them, and (2) whether any prejudice to the client can be mitigated by means other than a return of the documents.[11] If not, the attorney's right to possession of the client's documents—inconsistent with the continuing duty to the client—must yield. While each case will turn on its own particular facts and circumstances, only in this way may the rights of the attorney and client be balanced.

¶ 22 Since a valid retaining lien only attaches when there are reasonable fees due and owing, the attorney bears the burden of proof on this issue. If met, the client bears the burden of showing prejudice.

---

11. I.e., that the originally furnished documents may be available from another source, or that authenticated copies may be substituted.

¶ 23 In the present case, however, the evidence is conflicting on whether Law Firm's claimed fees where due, owing and reasonable.[12] And, while it is anything but clear whether Client will be able to meet her burden of proof on the issue of prejudice,[13] the trial court did not allow further discovery, and did not undertake any balancing of the parties' respective rights. The cause must consequently be remanded to the trial court for a proper balancing of interests.

The trial court's order granting judgment to the Firm is REVERSED, and the cause REMANDED for further proceedings consistent with the views we have expressed.[14]

JONES, J., and BUETTNER, J., concur.

12. Assuming Law Firm can meet its burden of proof, and consequently the right to a retaining lien, this would necessarily dispose of any of Client's counter-claims based solely on the wrongful withholding of documents. To the extent the Firm rightfully asserted its retaining lien, but because Oklahoma jurisprudence previously provided no guidance on the reach of a retaining lien vis-a-vis a client's original papers and documents, the Firm could hardly bear liability for any of the negligent, intentional or bad faith conduct for wrongful retention that Client charges.

13. There is a suggestion in the record that Client possesses copies of everything she seeks.

14. Absent an adjudication of the rights of the parties to possession of the subject books and papers, and in view of our remand for further proceedings, there is no judgment on which to premise a post-judgment quest for attorney's fees, and Firm's challenge to the trial court's post-judgment denial of its application for attorney's fees and costs is moot.